

1  **LAW OFFICES OF DENNIS J. LUCA**
**DENNIS J. LUCA, ESQ.      SBN 203847**
2  **DAVID J. LUCA, ESQ.      SBN 237973**
1252 Park Avenue
3  San Jose, CA 95126
Telephone (408) 287-7878
4  Facsimile (408) 287-7879

5  ATTORNEYS FOR PETITIONER,
Mark Hawke

6

7

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10  SAN JOSE DIVISION

11

12  MARK HAWKE,                          ) Case No.:

13        Petitioner,                    ) C07    03456    RMW

14  vs.                                  ) **PETITION FOR THE DISCLOSURE OF**
                                         ) **CERTAIN RECORDS HELD BY THE**
15                                       ) **UNITED STATES DEPARTMENT OF**
                                         ) **HOMELAND SECURITY,**
16  UNITED STATES DEPARTMENT OF          ) **IMMIGRATION AND CITIZENSHIP**
HOMELAND SECURITY, CITIZENSHIP          ) **SERVICES**
17  AND IMMIGRATION SERVICES, a          )
governmental entity,                     )
18                                       )
        Respondent.                      )
19  _____)

20        Petitioner, MARK HAWKE, (hereinafter "HAWKE") by and through his attorneys,

21  brings this action against UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

22  IMMIGRATION AND CITIZENSHIP SERVICES (hereinafter "UNITED STATES") on behalf

23  of his Federal Constitutional rights contained in the Sixth Amendment to the United States

24  Constitution and State statutory rights to discovery in a pending criminal prosecution wherein he

25  is the defendant.

26                              **JURISDICTION**

27        1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as the Constitutional

28  claim raises a question of federal law under the Sixth Amendment to the United States

*PETITION FOR THE DISCLOSURE OF CERTAIN RECORDS HELD BY THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CITIZENSHIP SERVICES*
*HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES CASE NO.:*

1

1   Constitution to which HAWKE is entitled as a Defendant in a pending criminal prosecution

2   initiated by the State of California via the Due Process clause of the Fourteenth Amendment to

3   the United States Constitution.

4         2.      The Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367 over any

5   other remaining requests for relief because the State law claim(s) are so related to the Federal

6   claim that they form part of the same case and controversy.

7   **VENUE**

8         3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(3) because

9   HAWKE resides in Santa Clara County and no real property is involved in the action.

10  **INTRADISTRICT ASSIGNMENT**

11        4.      As HAWKE resides in Santa Clara County, California, this Petition should be

12  assigned and heard in the San Jose division of the Northern District Court of California pursuant

13  to Local Rule 3-2(e).

14  **PETITION**

15  HAWKE, by and through his attorneys, alleges that:

16        1.      HAWKE, is now, and at all times mentioned herein, was, a resident of the County

17  of Santa Clara, State of California.

18        2.      Respondent, UNITED STATES is now, and at all times mentioned herein, was, a

19  governmental entity operating in the United States of America, specifically operating a branch

20  office in San Jose, California and conducting operations in Santa Clara County, California.

21        3.      During April of 2005, HAWKE wed LUCIA HERRERA HAWKE (hereinafter

22  "LUCIA").  During the term of their marriage, HAWKE submitted a joint application for

23  LUCIA's K1 Visa for legal status in the United States as her "sponsor."

24        4.      On September 26, 2006, HAWKE was arrested by the San Jose Police

25  Department and booked on one singular **felony** charge of battery upon a spouse/co-habitant

26  inflicting corporal injury resulting in a traumatic condition in violation of Penal Code Section

27  273.5.  The San Jose Police Department suspected HAWKE committed domestic violence

28  against his current wife, LUCIA.  The alleged incident that formed the basis for the probable

---

*PETITION FOR THE DISCLOSURE OF CERTAIN RECORDS HELD BY THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CITIZENSHIP SERVICES*
*HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES CASE NO.:*

1   cause to arrest HAWKE occurred the day prior, on September 25, 2006.

2       5.      On September 29, 2006, the State of California, by and through the District

3   Attorney's office, filed a **misdemeanor** complaint against HAWKE alleging that he violated

4   Penal Code Section 242-243(e), simple battery upon a spouse/cohabitant.  A true and correct

5   copy of the misdemeanor complaint issued by the District Attorney is attached hereto as Exhibit

6   "A" and incorporated herein by this reference.

7       6.      In the complaint attached hereto as Exhibit "A," the District Attorney put

8   HAWKE on notice that pursuant to Evidence Code Section 1109, the District Attorney would

9   *"offer other acts of domestic violence within the meaning of Evidence Code Section 1109..."*

10      7.      During the course of HAWKE's investigation and preparation for trial, a

11  document was obtained from the UNITED STATES regarding LUCIA's application to obtain

12  lawful permanent resident status pursuant to 8 U.S.C. 1255, under the Violence Against Women

13  Act (hereinafter "VAWA") sometime in June of 2006.  HAWKE was previously unaware of the

14  fact that LUCIA had applied for lawful permanent residency via a VAWA application.  The

15  document indicated that LUCIA had applied for lawful permanent residency based on a K1 Visa

16  and was approved in September of 2006, and therefore, and that her application under VAWA

17  was denied because she had already obtained lawful permanent residency.  A true and correct

18  copy of the document obtained from the UNITED STATES is attached hereto as Exhibit "B" and

19  incorporated herein by this reference.

20      8.      HAWKE is informed and believes that LUICIA submitted an application under

21  VAWA and that she alleged some prior abuse as the foundation for her application to the

22  UNITED STATES, under penalty of perjury in the form of a sworn affidavit.

23      9.      On April 26, 2007, HAWKE, by and through his attorneys, caused a subpoena

24  duces tecum to be issued directed towards the UNIETD STATES for the production of certain

25  portions of LUCIA's immigration file for use in HAWKE's defense in his criminal trial.  The

26  subpoena duces tecum was served on the UNITED STATES branch office via mail.  A true and

27  correct copy of the subpoena duces tecum is attached hereto as Exhibit "C" and incorporated

28  herein by this reference.

---

*PETITION FOR THE DISCLOSURE OF CERTAIN RECORDS HELD BY THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CITIZENSHIP SERVICES*
*HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES CASE NO.:*

3

10.    Pursuant to California Penal Code Section 1326, the UNITED STATES was to deliver any responsive records to the criminal trial Judge, the Honorable Raymond Davilla, who was then to conduct an in camera review and release the appropriate documents, if any, to the District Attorney and Defense counsel. The "due date" for those records was set for June 8, 2007 at 9:00a.m.

11.    On May 10, 2007, the UNITED STATES informally responded to the subpoena duces tecum by way of letter. In brief, the UNITED STATES refused to release any requested records based on **their policy** that only an Order from a Court of competent jurisdiction would suffice to release immigration records, and a State Court Order was not considered a Court of competent jurisdiction. The UNITED STATES required a federal Court Order. Further, the UNITED STATES would honor a request under the Freedom of Information Act with LUCIA's consent to disclose those records. A true and correct copy of the UNITED STATES' responsive letter is attached hereto as Exhibit "D" and incorporated herein by this reference.

12.    On May 23, 2007, HAWKE's attorneys caused a letter to be sent to the District Attorney assigned to prosecute HAWKE, Maxmillian Zarzana, enclosing a copy of the letter from the UNITED STATES dated May 10, 2007 refusing to comply with the State subpoena. In that letter, it was requested that Mr. Zarzana assist in obtaining LUCIA's consent to disclose her immigration records to HAWKE's attorneys. A true and correct copy of the letter mailed to Mr. Zarzana is attached hereto as Exhibit "E" and incorporated herein by this reference.

13.    On June 8, 2007 at 9:00a.m., HAWKE, his defense attorney of record and the District Attorney appeared in Department 60 of the Santa Clara County Superior Court for the hearing on the subpoena duces tecum. No records were produced by the UNITED STATES for an in camera review pursuant to California Penal Code Section 1326. Additionally, Mr. Zarzana related that he was unable to procure LUCIA's consent for the disclosure of records pursuant to the Freedom of Information Act, therefore virtually precluding HAWKE from obtaining the records without a Federal Court Order.

14.    The case was then continued to August 17, 2007 at 9:00a.m. to allow HAWKE to Petition the Federal Court for the requested immigration records.

PETITION FOR THE DISCLOSURE OF CERTAIN RECORDS HELD BY THE UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, IMMIGRATION AND CITIZENSHIP SERVICES
HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES
CASE NO.:

4

1

2          WHEREFORE, HAWKE prays as follows:

3          15.    An Order of the Court that the UNITED STATES produce the records and

4    documents attached to the proposed Order, filed herewith, with a completed declaration of

5    custodian of records in compliance with California Evidence Code sections 1560, 1561, and

6    1271 and mail those records to the clerk of the Court at 115 Terraine Street, San Jose, CA 95110,

7    or show cause why it has not done so; and

8          16.    For such other further relief as the court may deem just and proper.

9

10

11   Date: 7|02|07                          Respectfully Submitted,

12                                          LAW OFFICES OF DENNIS J. LUCA

13

14

15

16                                          David J. Luca, Esq.,
                                            Attorney for Petitioner,
17                                          MARK HAWKE

18

19

20

21

22

23

24

25

26

27

28

---

*PETITION FOR THE DISCLOSURE OF CERTAIN RECORDS HELD BY THE UNITED STATES DEPARTMENT OF*
*HOMELAND SECURITY, IMMIGRATION AND CITIZENSHIP SERVICES*
*HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES*
*CASE NO.:*



SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA
SAN JOSE FACILITY

THE PEOPLE OF THE STATE OF CALIFORNIA, |

                      Plaintiff, |

|

                            vs. |

|

MARK HAWKE (7/27/1968), |
362 N. 6TH ST., SAN JOSE, CA |

                    Defendant(s)|

**MISDEMEANOR COMPLAINT**

DA NO:  060927193
    CEN
    06065206   MH  BAIL   10/10/2006

**DEFENSE COPY**
Notice of Confidentiality
Penal Code Section 1054.2
No attorney may disclose or permit to be disclosed
to a defendant the address or telephone number of
a victim or witness unless specifically permitted
by the court after a hearing and showing of good
cause. Violation of PC1054.2 is a misdemeanor.

The undersigned is informed and believes that:

## COUNT 1

On or about September 25, 2006, in the County of Santa Clara, State of California, the crime of
BATTERY ON SPOUSE, COHABITANT, PARENT OF CHILD, FORMER SPOUSE, FIANCE,
FIANCEE OR DATING RELATIONSHIP, in violation of PENAL CODE SECTION 242-243(e), a
Misdemeanor, was committed by MARK HAWKE who did  willfully and unlawfully use force and
violence against a spouse, Jane Doe.

## EVIDENCE CODE SECTION 1109 NOTICE

Notice is given that the People will offer evidence of other acts of domestic violence within the meaning
of Evidence Code section 1109 contained within the affidavit of probable cause and the attached reports.
In compliance with Penal Code section 1054.7, the People will disclose any additional evidence that
may become known or acquired during the pendency of this action.

## DISCOVERY REQUEST

Pursuant to Penal Code sections 1054 through 1054.7, the People request that, within 15 days, the
defendant and/or his/her attorney disclose:  (A) The names and addresses of persons, other than the
defendant, he/she intends to call as witnesses at trial, together with any relevant written or recorded
statements of those persons, or reports of the statements of those persons, including any reports or
statements of experts made in connection with the case, and including the results of physical or mental
examinations, scientific tests, experiments, or comparisons which the defendant intends to offer in
evidence at the trial;  (B)  Any real evidence which the defendant intends to offer in evidence at the trial.

This request is a continuing request, to cover not only all such material currently in existence, but all material which comes into existence to the conclusion of this case.

Further, attached and incorporated by reference are official reports and documents of a law enforcement agency which the complainant believes establish probable cause for the pretrial restraint of defendant MARK HAWKE, for the above-listed crimes.

Complainant therefore requests that the defendant(s) be dealt with according to law.

I certify under penalty of perjury that the above is true and correct.

Executed on September 29, 2006, in SANTA CLARA County, California.

Bence 2483
( Colon 2435 )
SJPD (408) 277-3700 062690031 FV
KAJANI/ D355/ MISDEMEANOR/ gl

R

**U.S. Department of Homeland Security**
Immigration and Citizenship Services    **Decision on Application for Status as Permanent Resident**

1887 Monterey Road
San Jose, CA 95112

Lucia Herrera Hawke                                  File: A 97 879 961
362 N. 6th St.
San Jose, CA. 95112                                  Date: DEC 0 1 2006

Upon consideration, it is ordered that your application for status as a lawful permanent resident be
denied for the following reasons:

SEE ATTACHMENT

If you fail to depart from the United States, proceedings will be instituted to enforce your departure.
You may renew your application for status as a permanent resident during such proceedings.

_____
(Signature of Authorized Official)

David N. Still
District Director
_____
(Title of Authorized Official)

cc: Lynette Parker, Esq.

A97 879 961

On June 13, 2006, you applied for adjustment of status to that of a lawful permanent resident under section 245 of the Immigration and Nationality Act, as amended. Section 245 states, in pertinent part:

> (a) The status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

Title 8, Code of Federal Regulations, Part 245.1(c)(5) contains the regulations governing adjustment of status and states in pertinent part:

> Any alien who is already an alien lawfully admitted to the United States for permanent residence on a conditional basis pursuant to section 216 or 216A of the Act, regardless of any other quota or non-quota immigrant visa classification for which the alien may otherwise be eligible.

A review of your file indicates that on August 10, 2006 you filed an application based on a K1 visa petition. On September 21, 2006 you were granted lawful permanent residency based on the application filed on August 10, 2006. As stated above your pending application filed on June 13, 2006 must be an hereby is denied.

1  **DENNIS J. LUCA, ESQ.    SBN 203847**
   **LAW OFFICES OF DENNIS J. LUCA**
2  150 Almaden Boulevard, Suite 1300
   San Jose, CA 95113
3  Telephone (408) 287-7878
   Facsimile  (408) 287-7879
4

5  ATTORNEY FOR DEFENDANT
   Mark Hawke

6

7

**(ENDORSED)**
**F I L E D**

APR 2 6 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY Cynthia Alvarado  DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SANTA CLARA

10

11  PEOPLE OF THE STATE OF CALIFORNIA,)   Case No.:  CC644374

12              Plaintiff,

13  vs.                                 **NOTICE OF MOTION FOR RELEASE**
                                        **OF DOCUMENTS PURSUANT TO**
14                                      **SUBPOENA DUCES TECUM**

15  MARK HAWKE,
                                        Date:            June 8, 2007
16              Defendant.              Dept.:           60
                                        Time:            9:00a.m.
17                                      Time Estimate:   Fifteen Minutes

18

19          TO THE ABOVE-ENTITLED COURT, AND TO THE DISTRICT ATTORNEY OF

20  THE COUNTY OF SANTA CLARA:

21          NOTICE IS HEREBY GIVEN that on the 8th day of June, 2007, at 9:00 a.m., or as soon

22  thereafter as the matter may be heard, in Department 60 of the Santa Clara County Superior

23  Court located at 115 Terraine Street, San Jose, California, Defendant, MARK HAWKE, by and

24  through his counsel, Dennis J. Luca, will and does make a motion that the Court Order the

25  release of records subpoenaed to Court pursuant to Penal Code Section 1326 and Evidence Code

26  Section 1560.

27          Said motion will be based upon the files and records herein, the attached declaration and

28  other evidence, oral or documentary, as may be presented at said hearing.

---

*NOTICE OF MOTION FOR RELEASE OF DOCUMENTS PURSUANT TO SUBPOENA DUCES TECUM*
*PEOPLE V. HAWKE*
*CASE NO.: CC644374*

1

1    The approximate time to hear this motion is fifteen minutes.

2

3

4    Date:  7/20/07                          Respectfully Submitted,

5                                            LAW OFFICES OF DENNIS J. LUCA

6

7

8

9                                            Dennis J. Luca, Esq.,
                                             Attorney for Defendant,
10                                           MARK HAWKE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **DENNIS J. LUCA, ESQ.    SBN 203847**
**LAW OFFICES OF DENNIS J. LUCA**
2    150 Almaden Boulevard, Suite 1300
San Jose, CA 95113
3    Telephone (408) 287-7878
Facsimile  (408) 287-7879
4

5    ATTORNEY FOR DEFENDANT
Mark Hawke

6

7

**(ENDORSED)**
**F I L E D**

APR 2 6 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY Cynthia Alvarado _____ DEPUTY

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF SANTA CLARA

10

11    PEOPLE OF THE STATE OF CALIFORNIA,)    Case No.:  CC644374
                                       )
12                    Plaintiff,       )
                                       )
13    vs.                              )    **DECLARATION IN SUPPORT OF**
                                       )    **SUBPOENA DUCES TECUM**
14                                     )
                                       )
15    MARK HAWKE,                      )
                                       )
16                    Defendant.       )
                                       )

17

18        I, DENNIS J. LUCA, declare:

19        1.    That I am an attorney duly licensed to practice before all courts of the State of

20    California and I am the attorney of record for the Defendant herein, MARK HAWKE.

21        2.    This action is a criminal prosecution against MARK HAWKE for one count of

22    Penal Code Section 242-243(e), battery on spouse, a misdemeanor.

23        3.    The Department of Homeland Security, Immigration and Naturalization Services,

24    or the custodian of records operating on their behalf, has in his/her possession, or under his/her

25    control, the following described documents:

26        a.    Any and all letters, statements, applications, declarations, records or

27    documents of any kind related to LUCIA HERRERA HAWKE's (aka LUCIA HERRERA

28    MARQUEZ) petition for a "K1 visa" in the United States of America from January 1, 2004 to

---

*DECLARATION IN SUPPORT OF SUBPOENA DUCES TECUM*
*PEOPLE V. HAWKE*
*CASE NO.: CC644374*

1

1 | the date of production under case number A97879961.

2 |         b.     Any and all letters, statements, applications, declarations, records or

3 | documents of any kind related to LUCIA HERRERA HAWKE's (aka LUCIA HERRERA

4 | MARQUEZ) application for "permanent residency" in the United States of America from

5 | January 1, 2004 to the date of production under case number A97879961.

6 |         c.     Any and all correspondence sent from the U.S. Department of Homeland

7 | Security, Immigration and Citizenship Services to LUCIA HERRERA HAWKE (aka LUCIA

8 | HERRERA MARQUEZ), or an authorized agent on her behalf, from January 1, 2004 to the date

9 | of production under case number A97879961.

10 |         d.     Any and all correspondence sent from LUCIA HERRERA HAWKE (aka

11 | LUCIA HERRERA MARQUEZ), or an authorized agent on her behalf, to U.S. Department of

12 | Homeland Security, Immigration and Citizenship Services from January 1, 2004 to the date of

13 | production under case number A97879961.

14 |         e.     Any and all letters, statements, applications, records or documents of any

15 | kind related to LUCIA HERRERA HAWKE's (aka LUCIA HERRERA MARQUEZ) interaction

16 | with U.S. Department of Homeland Security, Immigration and Citizenship Services from

17 | January 1, 2004 to the date of production under case number A97879961, not provided in

18 | response to demands a, b, c, d or e.

19 |     4.     You are **not required** to appear in person **if you produce the records described**

20 | **in this affidavit** and a completed declaration of custodian of records in compliance with

21 | Evidence Code sections 1560, 1561, and 1271, in the following manner: (A) Place a copy of the

22 | records in an envelope (or other wrapper). Enclose your original declaration with the records.

23 | Seal them. (B) Attach a copy of this subpoena to the envelope or write on the envelope the case

24 | name and number, your name and date, time, and place from item 1 (the box above). (C) Place

25 | this first envelope in an outer envelope, seal it, and mail it to the clerk of the Court at 115

26 | Terraine Street, San Jose, CA 95110. (D) Mail a copy of your declaration to the attorney or

27 | party shown at the top of this form.

28 |        I declare under penalty of perjury that the foregoing is true and correct to the best of my

---

*DECLARATION IN SUPPORT OF SUBPOENA DUCES TECUM*
*PEOPLE V. HAWKE*
*CASE NO.: CC644374*

1  information and belief, and that this declaration was executed on the _20_ day of April, 2007 at

2  San Jose, CA.

3

4

5

6                                          Dennis J. Luca, Esq.,
                                           Attorney for Defendant,
7                                          MARK HAWKE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION IN SUPPORT OF SUBPOENA DUCES TECUM
PEOPLE V. HAWKE
CASE NO.: CC644374

982(a)(16)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: 408-287-7878 | FOR COURT USE ONLY |

Dennis J. Luca    SBN 203847
LAW OFFICES OF DENNIS J. LUCA
150 Almaden Blvd., Suite 1300
San Jose, CA 95113

ATTORNEY FOR *(Named):*  MARK HAWKE

Insert name of court, judicial district or branch court, if any, and post office and street address:

Superior Court, County of Santa Clara
UNIFIED COURT
115 Terraine Street, Department 60
San Jose, CA 95110

Title of case:    PEOPLE V. HAWKE

**SUBPOENA AND PROOF OF SERVICE (CRIMINAL OR JUVENILE)**
[ x ]  **DUCES TECUM**

CASE NUMBER:
CC644374

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(Name):*    Department of Homeland Security, United States Citizenship and Immigration Services, located at 444 Washington Street, San Francisco, CA 94111, (800) 375-5283.

1. **YOU ARE ORDERED TO APPEAR AS A WITNESS** in this action at the date, time, and place shown in the box below UNLESS you make a special agreement with the person named in item 3:

a. Date: 6/08/07        Time: 9:00a.m.    [X] Dept.: 60    [ ] Div.:    [ ] Room:
b. Address: 115 Terraine Street, Department 60
   San Jose, CA 95110

2. AND YOU ARE

a. [  ]  ordered to appear in person.

b. [ X ]  not required to appear in person if you produce the records described in the accompanying affidavit and a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271, in the following manner: (1) Place a copy of the records in an envelope (or other wrapper). Enclose your original declaration with the records. Seal them. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number, your name and date, time, and place from item 1 (the box above). (3) Place this first envelope in an outer envelope, seal it, and mail it to the clerk of the court at the address in item 1. (4) Mail a copy of your declaration to the attorney or party shown at the top of the form.

c. [  ]  ordered to appear in person and to produce the records described in the accompanying affidavit. The **personal attendance** of the custodian or other qualified witness and the production of the original records **is required** by this subpoena. The procedure authorized by subdivision (b) of section 1560, and sections 1561 and 1562, of the Evidence Code will not be deemed sufficient compliance with this subpoena.

3. **IF YOU HAVE ANY QUESTIONS ABOUT THE TIME OR DATE FOR YOU TO APPEAR, OR IF YOU WANT TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED, CONTACT THE FOLLOWING PERSON BEFORE THE DATE ON WHICH YOU ARE TO APPEAR:**

a. Name: DENNIS J. LUCA        b. Telephone number:  408-287-7878

4. **WITNESS FEES:** You may be entitled to witness fees, mileage, or both, in the discretion of the court. Contact the person named in item 3 **AFTER** your appearance.

DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED BY A FINE, IMPRISONMENT, OR BOTH.  A WARRANT MAY ISSUE FOR YOUR ARREST IF YOU FAIL TO APPEAR.

FOR COURT USE ONLY

Date: 04/20/07

(SIGNATURE)

DENNIS J. LUCA
(TYPE OR PRINT NAME)

ATTORNEY FOR DEFENDANT
(TITLE)

(See reverse for proof of service)

Form Adopted for Mandatory Use
Judicial Council of California
982(a)(16) [Rev. January 1, 2005]

**SUBPOENA AND PROOF OF SERVICE**
**(CRIMINAL OR JUVENILE)**

Legal
Solutions
Plus

Page 1 of 2

Penal Code, § 1326 et seq.
Welfare and Institutions Code, §§ 341, 664,1727

1  **DENNIS J. LUCA, ESQ.    SBN 203847**
   **LAW OFFICES OF DENNIS J. LUCA**
2  150 Almaden Boulevard, Suite 1300
   San Jose, CA 95113
3  Telephone (408) 287-7878
   Facsimile  (408) 287-7879
4

**(ENDORSED)**
**F I L E D**

APR 2 6 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY __Cynthia Alvarado__ DEPUTY

5  ATTORNEY FOR DEFENDANT
   Mark Hawke
6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SANTA CLARA

10

11  PEOPLE OF THE STATE OF CALIFORNIA,)    Case No.: CC644374

12                Plaintiff,

13  vs.                                     **DECLARATION IN SUPPORT OF**
                                            **MOTION FOR THE RELEASE OF**
14                                          **DOCUMENTS PURSUANT TO**
                                            **SUBPOENA DUCES TECUM**
15  MARK HAWKE,

16                Defendant.

17

18

19        I, DENNIS J. LUCA, declare:

20        1.      That I am an attorney duly licensed to practice before all courts of the State of

21  California and I am the attorney of record for the Defendant herein, MARK HAWKE.

22        2.      This action is a criminal prosecution against MARK HAWKE for one count of

23  Penal Code Section 242-243(e), battery on spouse, a misdemeanor.

24        3.      That this declaration is in support of Defendant's motion for the release of

25  documents.  A copy of the Subpoena Duces Tecum is attached as Exhibit A for the Custodian of

26  Records for the **Department of Homeland Security, United States Citizenship and**

27  **Immigration Services,** located at 444 Washington Street, San Francisco, CA 94111, (800) 375-

28  5283.

---

*DECLARATION IN SUPPORT OF MOTION FOR RELEASE OF DOCUMENTS PURSUANT TO SUBPOENA DUCES TECUM*
*PEOPLE V. HAWKE*
*CASE NO.: CC644374*

1

4.      There is good cause for the production of the records described in the attached subpoena as these records are necessary for the defense of this action. Specifically, I believe the alleged victim in this case has proffered false statements to case workers during the course of her citizenship application, specifically, citing false cases of abuse and/or domestic violence in a "battered spouse's" application for lawful status. The statements and documents contained in the immigration file are critical for the Defendant's theory of this case. Further, I also believe that the alleged victim has further perjured herself in the related family law nullity proceeding by stating she does not have certain privileges (ie, a work visa), when in fact, that status had been granted some time ago, as will be reflected in her immigration file.

5.      Unfortunately, other attempts to obtain the file have been met with opposition from the Department of Homeland Security. Specifically, our office has already once attempted to serve a subpoena under the "FL" case number only to have the subpoena rejected. The Defendant must have the opportunity to review the immigration records in order o prepare an adequate defense at trial and exercise his constitutional right to due process and a fair trial. An Order from this Court may be required to enforce the subpoena.

6.      I also submit that the slight burden placed on the Department of Homeland Security, Immigration and Naturalization Services in producing these records is outweighed by the interest of the Defendant in a fair trial and ascertainment of the relevant facts in preparation for trial. See Pitchess v. Superior Court, (1974) 11 Cal. 3d 531, 536.

7.      WHEREFORE, I request that said records be released to counsel for both parties before or on **June 8, 2007, at 9:00a.m.**

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief, and that this Declaration was executed on the _20_ th day of April, 2007 at San Jose, CA.



Dennis J. Luca, Esq.,
Attorney for Defendant,
MARK HAWKE

---

*DECLARATION IN SUPPORT OF MOTION FOR RELEASE OF DOCUMENTS PURSUANT TO SUBPOENA DUCES TECUM*
*PEOPLE V. HAWKE*
*CASE NO.: CC644374*

2

**FILED**

APR 2 6 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY Cynthia Alvarado DEPUTY

PROOF OF SERVICE

I, the undersigned, declare that I am employed in Santa Clara County, California. I am over the age of 18 years and not a party to the within action; my business address is 150 Almaden Boulevard, Suite 1300, San Jose, California 95113.

On April 20ᵗʰ, 2007, I served the following document(s):

**NOTICE OF MOTION FOR RELEASE OF DOCUMENTS PURSUANT TO SUBPOENA DUCES TECUM**

**DECLARATION IN SUPPORT OF SUBPOENA DUCES TECUM**

**DECLARATION IN SUPPORT OF MOTION FOR THE RELEASE OF DOCUMENTS PURSUANT TO SUBPOENA DUCES TECUM**

on the party or parties named below, as follows:

[ ]   BY PERSONAL SERVICE:  By personally delivering a copy of said document(s) on the following party or parties at the following location:

[ X ]   BY MAIL:  By following ordinary business practice, and placing a true copy thereof enclosed in a sealed envelope, for collection and mailing with the United States Postal Service where it would be deposited for first class delivery, postage fully prepaid depositing with the United States Postal Service on that same day in the ordinary course of business at 150 Almaden Boulevard, San Jose, California, and addressed as follows:

**MAXMILIAN ZARZANA**
**Deputy District Attorney**
**Office of the District Attorney**
**70 West Hedding Street, West Wing**
**San Jose, CA 95110**

[ ]   BY FACSIMILE:  By transmitting from the facsimile machine of The Law Office of Dennis J. Luca whose phone number is 408-287-7879, in compliance with CRC Rule 2003(3). Pursuant to CRC Rule 2008(e) the transmission be facsimile was reported as complete and without error, as indicated in the transmittal report which was properly issued by this transmitting facsimile machine (a true and correct copy of which is affixed to the original of this proof of service), addressed to the person on whom it is to be served, as follows:

Executed on April 20ᵗʰ, 2007, at Santa Clara County, California.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

DAVID LUCA



*Office of the Chief Counsel*

U.S. Department of Homeland Security
630 Sansóme Street, Suite 1080
San Francisco, CA 94111



**U.S. Citizenship and
Immigration Services**

May 10, 2007

Dennis Luca, Esq.
150 Almaden Blvd., Suite 1300
San Jose, CA 95113

RECEIVED
MAY 1 4 2007

Dear Mr. Luca:

I am responding to the subpoena that was received by the U.S. Citizenship and Immigration Services (USCIS) relating to the case of *People of the State of California v. Mark Hawke,* pending before the County Court in Santa Clara, California. In this subpoena you are requesting that USCIS produce documents relating to Lucia Herrera Hawke.

The purpose of this letter is to inform you of the procedural prerequisites for obtaining information, either through the use of documents or testimony, from the Department of Homeland Security (DHS) of which USCIS is part. The DHS' regulations bar all DHS employees from providing oral or written testimony concerning information acquired while such person is or was an employee of DHS unless authorized to do so by the DHS' Office of General Counsel or its designees. *See* 6 C.F.R. § 5.44. The DHS' regulations require the party seeking testimony or documents to first set forth in writing, with as much specificity as possible, the nature and relevance of the information sought. *See* 6 C.F.R. § 5.45.

In addition, if the records you are seeking relate to either a lawful permanent resident or United States citizen, then the Privacy Act, 5 U.S.C. § 552a, prevents the release of this information without the subject's consent unless USCIS is authorized by one of the Privacy Act's exceptions. Although the Privacy Act does permit disclosure pursuant to an order signed by a court of competent jurisdiction and the subpoena you served is signed by a state court judge, USCIS has taken the position that court of competent jurisdiction means a federal court as opposed to a state or local court. *See Sharon Lease Oil Co. v. FERC,* 691 F.Supp. 381 (D.D.C. 1988).

Moreover, the Government must consider, inter alia, whether compliance would be unduly burdensome based on the need to conserve the time of Government employees for the conduct of official business, the need to maintain impartiality between private litigants in cases where a substantial government interest is not implicated, and whether compliance would have adverse effect on the Government's performance of its mission and duties. <u>See</u> 6 C.F.R. § 5.48(a)(1), (4), (6), (7).

Based upon the information you are requesting, it appears that you should make a request under the Freedom of Information Act pursuant to 5 U.S.C. § 552, which provides that any person has a right to request access to immigration records, except those records exempted by the Act. As this appears to be the most appropriate method of obtaining the records you are requesting, I have included information on how to make such a request.

Sincerely,

Kelli J. Duehning
Deputy Western Regional Counsel
US Citizenship and Immigration Services
San Francisco, CA

Enclosure

*Dennis J. Luca, Esq.*
*Felicia D. Lucero, Esq.*
*David J. Luca, Esq.*

*Professional Law Corporation*
*Tel: (408) 287-7878*
*Fax: (408) 287-7879*

# Law Offices of Dennis J. Luca

### Attorneys and Counselors at Law
150 Almaden Boulevard
Suite 1300
San Jose, California 95113

May 25, 2007

Office of the District Attorney
**Attn: Maxmillian Zarzana**
70 West Hedding Street
San Jose, CA  95110

Re:     People v. Mark Hawke
        Docket No. CC644374

Dear Mr. Zarzana:

I hope you are doing well.  I have enclosed herein a letter from Ms. Duchning of the DHS Western Regional Counsel in response to my subpoena issued and served on April 23rd to INS in San Francisco.  As you may recall, I also sent a duplicate subpoena to the National Record Center in Missouri.  I have not yet received a response from the National Record Center, but can only assume that it will be similar in substance to that of Ms. Duchning's letter.

Obviously, this was not the response I had hoped for.  Although Ms. Duchning does make reference to a Freedom of Information Act (FOIA) request, for a resident alien (which Lucia Herrera/Hawke is classified as at this time), I would need Lucia's consent to obtain those records, which I cannot force her to give.  Additionally, I spoke to a representative at the National Record Center (who handles the FOIA requests) and their response time is between twelve and sixteen months.  So, although this may not be the most expeditious method to obtain the records, I would ask whether you would be willing to obtain Lucia's consent to obtain her immigration records.  If this is indeed agreeable, I have enclosed the appropriate forms for her to complete.

The other, and more feasible, option for disclosure of these records would be a Federal Court Order.  I have been researching the possibility of filing a Petition in Federal Court based on my client's federal due process rights and believe that it is a proper method to obtain a Court Order.  However, I would appreciate your input and support for obtaining these records.  I can only assume that if both the prosecution and defense

require these records, it could only help a Federal Judge in issuing an Order for their release.

As for our next Court date on June 8th, I do plan to have Judge Davilla sign the enclosed Order compelling the release of the INS records.  Please let me know if the form/content of the Order is acceptable prior to June 8th.

Very truly yours,

Law Offices of Dennis J Luca

David J. Luca
Attorney at Law