LAW OFFICES OF DENNIS J. LUCA
DENNIS J. LUCA, ESQ.     SBN 203847
DAVID J. LUCA, ESQ.      SBN 237973
1252 Park Avenue
San Jose, CA 95126
Telephone (408) 287-7878
Facsimile  (408) 287-7879

ATTORNEYS FOR PETITIONER,
Mark Hawke

ORIGINAL FILED
07 JUL -2 PM 2: 53
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK HAWKE,<br><br>　　　　Petitioner,<br><br>vs.<br><br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES, a governmental entity,<br><br>　　　　Respondent. | Case No.:<br>C07 03456 RMW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION** |

## INTRODUCTION

On September 29, 2006, the State of California, by and through the District Attorney's office, filed a misdemeanor complaint against MARK HAWKE (hereinafter "HAWKE") alleging that he violated Penal Code Section 242-243(e), simple battery upon a spouse/cohabitant. On April 20, 2007, HAWKE, by and through his criminal defense attorneys, caused a subpoena duces tecum to be issued to the UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CITIZENSHIP SERVICES (hereinafter "UNITED STATES") for the production of certain records for LUCIA HERRERA HAWKE (hereinafter "LUCIA"), the alleged victim.

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION*
*HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES*
*CASE NO.:*

1

The UNITED STATES refused to produce those records pursuant to their policy that a State Court Order is not an "Order from a Court of competent jurisdiction" and that only a Federal Court Order would cause those records to be produced. This Petition followed.

## LEGAL ARGUMENT

### I.

### HAWKE HAS A FEDERAL CONSTITUTIONAL RIGHT AND STATE STATUTORY RIGHT AS A CRIMINAL DEFENDANT TO DISCOVER THE IMMIGRATION RECORDS CONTAINING PRIOR ALLEGATIONS OF DOMESTIC VIOLENCE AGAINST HIM.

A.  **HAWKE has a Federal Sixth Amendment right to meaningfully cross examine the witnesses against him which compels disclosure of the requested immigration records.**

The Sixth Amendment to the Federal Constitution provides that every criminal Defendant shall have the opportunity to be "to be confronted with the witnesses against him." U.S.C.A. Const. Amend. VI. The right of cross-examination secured by confrontation clause in the Federal Constitution is applicable to the states by the due process clause of the Fourteenth Amendment. Roberts v. Russell, (1968) 392 U.S. 293.

The right to notice, confrontation and compulsory process, taken together, guarantee that criminal charge may be answered in manner now considered fundamental to fair administration of American justice, through calling and interrogation of favorable witnesses, cross-examination of adverse witnesses, and orderly introduction of evidence; in short, this amendment constitutionalizes right in an adversary criminal trial to make defense as we know it. Faretta v. California, (1975) 422 U.S. 806. In Pennsylvania v. Ritchie, (1987) 480 U.S. 39, 56, the Supreme Court noted that "criminal defendants have the right to the Government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt."

HAWKE is a criminal defendant who is entitled through the Sixth Amendment to present an adequate defense to the singular charge lodged against him. HAWKE believes that LUCIA's immigration records contain prior allegations of domestic violence perpetrated by HAWKE. As the District Attorney will surely introduce testimony from LUCIA regarding those prior acts of

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION
HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES
CASE NO.:

2

Domestic Violence pursuant to Evidence Code Section 1109 during trial, HAWKE must have an opportunity to review immigration records that reflect sworn statements evidencing prior domestic violence.

In this case, HAWKE does not request that the Federal Court weigh or balance his right to <u>receive</u> the requested records. That process will be handled by the trial Court Judge in State Court. Rather, HAWKE requests that this Court Order the <u>production</u> of said records to the State Court Judge for an <u>in camera review</u>. HAWKE concedes that the immigration records for LUCIA are confidential ands that she has a right of privacy in those records. However, it is up to the trial Court Judge to weigh HAWKE's Sixth Amendment right to review those records in relation to LUCIA's right of privacy of the content of those records.

### C. HAWKE has a California State statutory right to discover LUCIA's immigration records that address prior allegations of domestic violence.

California Penal Code Sections 1326 and 1327 set forth the procedure for either the prosecutor or the defendant to obtain discovery of records possessed by third parties via a subpoena duces tecum. A subpoena duces tecum does not require the party subpoenaed to provide the defendant with a copy of the materials sought, but does require that person or entity to produce the information in Court for an in camera review, and release, if appropriate, to the parties. <u>Pacific Lighting Leasing Co. v. Superior Court</u>, (1976) 60 Cal.App.3d 552, 560.

Third party records are required to be produced to the court rather than the attorney for the subpoenaing party because:

> "The issuance of a subpoena duces tecum ... is purely a ministerial act and does not constitute legal process in the sense that it entitles the person on whose behalf it is issued to obtain access to the records described therein until a judicial determination has been made that the person is legally entitled to receive them." <u>People v. Blair</u>, (1979) 25 Cal.3d 640, 651.

A criminal defendant has a right to discovery by a subpoena duces tecum of third party records by showing "the requested information will facilitate the ascertainment of the facts and a

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION
HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES
CASE NO.:

3

fair trial." <u>Pitchess v. Superior Court</u>, (1974) 11 Cal.3d 531, 536. In <u>Pitchess</u>, the California Supreme Court held that "[a]llowing an accused the right to discover is based on the fundamental proposition that he is entitled to a fair trial and an intelligent defense in light of all relevant and reasonably accessible information. [Citations.]" <u>Id.</u> at p. 535.

The right for a criminal Defendant to discovery of third party records is not absolute. The requisite showing by the Defendant may be satisfied by general allegations which establish some cause for discovery other than a mere desire for the benefit of all information which may be tangentially relevant to the case. <u>People v. Cooper</u> (1960) 53 Cal.2d 755, 770.

## CONCLUSION

For the reasons stated herein, HAWKE respectfully requests that this Court Order the UNITED STATES to release of all Immigration records for LUCIA (File Number A97879961) to the Honorable Judge Raymond Davilla, Jr. in Department 60 of the Santa Clara County Superior Court, for an in camera hearing and release, as appropriate, to the District Attorney and defense counsel for HAWKE, or in the alternative, schedule a hearing for the UNITED STATES to show cause why said records should not be produced.

Date: 7/02/07

Respectfully Submitted,

LAW OFFICES OF DENNIS J. LUCA

David J. Luca, Esq.,
Attorney for Petitioner,
MARK HAWKE

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION*
*HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES*
*CASE NO.:*

4