**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION
DISTRICT JUDGE RONALD M. WHYTE

STANDING ORDER RE: PRETRIAL PREPARATION

IT IS HEREBY ORDERED that the following requirements and procedures shall apply in all civil cases scheduled for trial before the undersigned judge unless modified at least fifteen (15) days before the pretrial conference.

A.  Not less than fifteen (15) days before the Pretrial Conference, lead counsel (and all parties appearing *pro se*) shall meet and confer in person with respect to accomplishing the requirements and procedures outlined below.

B.  Not less than ten (10) court days before the Pretrial Conference, the parties shall serve and file (or lodge, as applicable):

   1.  Trial Briefs (optional);

   2.  Motions *In Limine*;

   3.  Deposition and Discovery Responses. One copy of any deposition transcript and any other discovery response any party intends to offer as evidence, other than solely for impeachment or rebuttal, shall be lodged with the court. The parties shall highlight the pertinent portions of the deposition transcripts and discovery responses;

   4.  Proposed Voir Dire Questions (Jury Trials Only). Proposed voir dire questions may be submitted to the court. The examination of trial jurors shall be conducted initially by the judge. The court will allow limited follow-up voir dire by attorneys (usually ten (10) minutes per side). Written juror questionnaires are permitted in limited situations. If the parties wish to submit juror questionnaires, they must contact the court to discuss procedures: (a) at least forty-five (45) days in advance of the pretrial conference if they wish to mail a questionnaire to prospective jurors or (b) at least fifteen (15) days before the pretrial conference if they wish the prospective jurors to come to the court before trial to fill out a questionnaire;

   5.  Jury Instructions (Jury Trials Only). The court has a basic set of preliminary instructions that will be given at the beginning of trial and a basic set of closing instructions that will be given before or after closing argument. These standard instructions are based upon the instructions in

1

chapters 1, 3 and 4 of the MODEL JURY INSTRUCTIONS OF THE NINTH CIRCUIT - CIVIL. The parties need not submit such standard instructions, unless they are dissatisfied with the model instructions.

The parties shall submit a **jointly prepared** proposed preliminary instruction that gives a neutral and concise summary of the positions of the parties, the elements of plaintiff's(s') claim(s) and the elements of any affirmative defense asserted by defendant(s).

The parties shall also submit a **joint** set of all proposed substantive closing instructions in a three-ring binder. The first section shall contain the instructions both sides agree should be given. The second section shall contain plaintiff's(s') proposed additional instructions with each proposed instruction immediately followed by defendant's(s') objection. The third section shall contain defendant's(s') proposed additional instructions with each proposed instruction immediately followed by plaintiff's(s') objection.

The court prefers parties use the MODEL JURY INSTRUCTIONS OF THE NINTH CIRCUIT or CALIFORNIA JURY INSTRUCTIONS CIVIL (BAJI), and, for patent cases, the MODEL PATENT JURY INSTRUCTIONS FOR THE NORTHERN DISTRICT. The court also frequently refers to FEDERAL JURY PRACTICE AND INSTRUCTIONS, FIFTH - CIVIL as source for model instructions. All proposed instructions, however, must be **tailored, modified and supplemented** as necessary. Each proposed instruction shall be written in plain language, comprehensible to jurors, concise and free from argument, cover only one subject which shall be indicated in the caption, and be written out in full on a separate page. For each instruction, the parties must provide citation to the authority upon which the instruction is based.

If practical, the court requests that a copy of the instructions also be submitted on a disk in WordPerfect format;

6. **Form of Verdict (Jury Trials Only).** The parties shall serve and submit to the court a **jointly prepared** proposed form of verdict or, if the parties cannot agree, their respective proposals;

7. **Proposed Findings of Fact and Conclusions of Law (Non-Jury Trials Only).** In actions tried to the court without a jury, each party shall serve and file proposed Findings of Facts and Conclusions of Law. If practical, the court requests that a copy of the proposed findings and conclusions also be submitted on a disk in WordPerfect format; and

8. **Joint Pretrial Statement.** The Joint Pretrial Statement shall include the

following:

a. **Substance of the Action.** A brief description of the general nature of the action;

b. **Stipulations, Agreed Statement and Undisputed Facts.** A statement of any stipulations requested or proposed for pretrial or trial purposes;

c. **Disputed Factual Issues.** A plain and concise statement of all disputed factual issues which remain to be decided;

d. **Disputed Legal Issues.** Without extended legal argument, a plain and concise statement of each disputed point of law concerning liability, relief, procedure or evidence. (When appropriate, full legal argument with citations to statutes and case law should be covered in a trial brief or motion *in limine*);

e. **Deposition Excerpts and Discovery Responses.** A list of any deposition testimony (by page and lines) or other discovery responses that each party may offer as evidence at trial, other than solely for impeachment or rebuttal;

f. **Witnesses to be Called.** A list of the name of each witness the parties may call at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given. Each party shall separately identify those witnesses the party presently intends to call and those the party may call if the need arises;

g. **Exhibits, Schedules and Summaries.** A list of all documents and other items to be offered as exhibits at trial, other than solely for impeachment or rebuttal. Each item on the list shall be identified by an exhibit number, followed by a brief statement describing its substance or purpose, and the identity of the sponsoring witness. The parties must have agreed on an allocation of exhibit numbers which will avoid duplicate numbers. The parties must limit the number of their exhibits to those essential to a fair presentation of their cases. If possible, parties should stipulate to the authenticity and admissibility of exhibits prior to trial.

    Any disputes regarding the authenticity or admissibility of any exhibits must be brought to the court's attention no later than the Pretrial Conference or the objections may be deemed waived;

    h.    **Relief Prayed.** A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed;

    i.    **Estimate of Trial Time.** A carefully reasoned estimate of the number of hours needed for the presentation of each party's case, including cross-examination of opposing witnesses and opening statement and closing argument;

    j.    **Amendments, Dismissals.** A statement of any requested or proposed amendments to the pleadings or dismissals of parties, claims or defenses;

    k.    **Settlement Discussion.** The court requires the parties to have exhausted settlement possibilities **before** the pretrial conference. This requirement includes a settlement conference with the assigned magistrate judge or other settlement facilitator approved by the court; and

    l.    **Miscellaneous.** A statement describing any other subjects relevant to the trial of the action or material to its just, speedy, and inexpensive determination.

C.    Not less than five (5) court days prior to the Pretrial Conference, the parties shall serve and file (or lodge, as appropriate) the following:

    1.    **Oppositions to Motions *In Limine*;**

    2.    **Objections to the Use of Deposition Excerpts or other Discovery Responses.** Any objections to excerpts from depositions or other discovery responses designated in the Joint Pretrial Statement shall be filed in writing, along with a certification that counsel conferred with opposing counsel regarding any such objections;

    3.    **Counter-Designations.** In the event a party contends that a deposition excerpt or other discovery response is unacceptably incomplete, the party shall file a counter-designation listing any additional deposition testimony (by page and lines) or other discovery responses it contends are necessary for a complete and fair record. Any objections to the counter-designations shall be served (by fax and mail) and filed the day before the Pretrial Conference (the after-hours drop box may **not** be used for this filing); and

    4.    **Objections to Voir Dire, Proposed Findings, Verdict Forms, or to the Authenticity or Admissibility of any Trial Exhibits.** Any objections to

the use of proposed voir dire, proposed verdict forms, or to the authenticity or admissibility of any trial exhibits shall be filed in writing, along with a certification that counsel conferred with opposing counsel regarding such objections.

D. **At the Pretrial Conference**, lead counsel (and parties in pro se) will attend in person and be prepared to discuss all matters concerning Pretrial Preparation. The court will consider any trial management issue which is likely to promote a fair and efficient resolution of the case, including:

1. Entering a Pretrial Order, if needed;

2. Ruling, to the extent practicable, on motions *in limine* and on any objections to voir dire, exhibits, preliminary and, if practical, closing jury instructions and verdict form;

3. Allocating a fixed number of hours for each side for opening statements and the direct and cross-examination of witnesses;

4. Setting specific dates and times when trial will be in session; and

5. For jury trials, discussing the jury selection process. The court's usual practice is to have eight (8) person juries. The court will initially examine twenty (20) prospective jurors and then allow counsel for each side up to ten (10) minutes for follow-up questions. After the parties exercise any challenges for cause, the courtroom deputy will hand the parties a list with the prospective jurors numbered one (1) through the number of prospective jurors who remain after challenges for cause. The parties will then pass the list between themselves exercising their peremptory challenges (three (3) per side). A pass counts as a challenge. After the parties exercise their peremptory challenges, the examined jurors will be asked to return to the public seats in the courtroom and the eight (8) who will serve as the jury will be called back to the jury box by the courtroom deputy. The jurors will be the first eight (8) unchallenged prospective jurors on the list provided to counsel.

Questions concerning the provisions of this order should be directed to the courtroom deputy, Jackie Vierra, at (408) 535-5375.

Dated: February 24, 2003

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Case No. _____

STANDING ORDER REGARDING

CASE MANAGEMENT IN CIVIL CASES

This order sets forth requirements for initial case management in all civil matters assigned to District Judges James Ware, Ronald M. Whyte and Jeremy Fogel, and Magistrate Judges Patricia V. Trumbull, Richard Seeborg, and Howard R. Lloyd. All papers filed must include the case number of the action followed by the initials of the assigned district judge or magistrate judge and, if applicable, the initials of the magistrate judge to whom the action is referred for discovery or other pretrial activity.

Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, plaintiff shall file a certificate of service in accordance with Civil L.R. 5-6(a).

All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a). Magistrate judges themselves handle disclosure and discovery disputes in the cases assigned to them.

Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Ware may be noticed for hearing on any Monday at 9:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for hearing on any Friday at 9:00 a.m.

1 |       Civil motions under Civil L.R. 7-2 in cases assigned to Judge Fogel may be noticed for hearing only after contacting Judge Fogel's judicial secretary, Teresa Fleishman, at 408-535-5426 and obtaining an available date.

      Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Trumbull may be noticed for hearing on any Tuesday at 10:00 a.m.

      Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Seeborg may be noticed for hearing on any Wednesday at 9:30 a.m.

      Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Lloyd may be noticed for hearing on any Tuesday at 10:00 a.m.

      Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference will be held on _____ at _____, at the United States Courthouse, 280 South First Street, San Jose, California. This conference may be continued only by court order pursuant to Civil L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without court approval.

      Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall confer with their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P. 26(f), Civil L.R. 16-8 and 16-9, and in patent cases, Patent L.R. 3.1 through 3.6. A meaningful meet and confer process prior to the Case Management Conference and good faith compliance with the requirements of this Order are essential elements of effective case management. Failure to meet and confer, to be prepared for the Case Management Conference or to file a Joint Case Management Conference Statement may result in sanctions. Parties may, but are not required, to attend the Case Management Conference.

      In all "E-filing" cases when filing papers in connection with any motion for determination by a judge, the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by the close of the next court day following the day the papers are filed electronically. These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the judge's name, case number and "E-filing Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

IT IS SO ORDERED.

Dated: Effective on the date this order is filed, until further court order.

James Ware
United States District Judge

Ronald M. Whyte
United States District Judge

Jeremy Fogel
United States District Judge

Patricia V. Trumbull
United States Chief Magistrate Judge

Richard Seeborg
United States Magistrate Judge

Howard R. Lloyd
United States Magistrate Judge