1  **LAW OFFICES OF DENNIS J. LUCA**
   **DENNIS J. LUCA, ESQ.    SBN 203847**
2  **DAVID J. LUCA, ESQ.    SBN 237973**
   1252 Park Avenue
3  San Jose, CA 95126
   Telephone (408) 287-7878
4  Facsimile (408) 287-7879

5  ATTORNEYS FOR PETITIONER,
   Mark Hawke

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11

12 MARK HAWKE,                          )  Case No.:  C 07-03456 RMW
                                        )
13          Petitioner,                 )
                                        )
14 vs.                                  )  **FIRST AMENDED PETITION FOR THE**
                                        )  **DISCLOSURE OF CERTAIN RECORDS**
15                                      )  **HELD BY THE UNITED STATES**
                                        )  **DEPARTMENT OF HOMELAND**
16 UNITED STATES DEPARTMENT OF          )  **SECURITY, IMMIGRATION AND**
   HOMELAND SECURITY, CITIZENSHIP       )  **CITIZENSHIP SERVICES**
17 AND IMMIGRATION SERVICES, a          )
   governmental entity,                 )
18                                      )
            Respondent.                 )
19 _____     )

20         Petitioner, MARK HAWKE, (hereinafter "HAWKE") by and through his attorneys,

21 brings this action against the UNITED STATES DEPARTMENT OF HOMELAND

22 SECURITY, IMMIGRATION AND CITIZENSHIP SERVICES (hereinafter "UNITED

23 STATES") pursuant to his rights contained in the Fifth, Sixth and Fourteenth Amendments to the

24 United States Constitution, 5 U.S.C. 552a(b)(11) and pursuant to his State statutory right to

25 discovery from a third party in a pending criminal prosecution wherein he is the defendant.

26                         **JURISDICTION**

27         1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as the Constitutional

28 claim raises a question of federal law under the Fifth, Sixth and Fourteenth Amendments to the

1   United States Constitution to which HAWKE is entitled as a Defendant in a pending criminal

2   prosecution initiated by the State of California.

3          2.      The Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367 over any

4   other remaining requests for relief because the State law claim(s) is/are so related to the Federal

5   claim that they form part of the same case and controversy.

6                                           **VENUE**

7          3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(3) because

8   HAWKE resides in Santa Clara County and no real property is involved in the action.

9                               **INTRADISTRICT ASSIGNMENT**

10          4.      As HAWKE resides in Santa Clara County, this Petition should be assigned and

11   heard in the San Jose division of the Northern District Court of California pursuant to Local Rule

12   3-2(e).

13                                         **PETITION**

14          HAWKE, by and through his attorneys, alleges that:

15          1.      HAWKE, is now, and at all times mentioned herein, was, a resident of the County

16   of Santa Clara, State of California.

17          2.      Respondent, UNITED STATES, is now, and at all times mentioned herein, was, a

18   governmental entity operating in the United States of America, and conducting operations in

19   Santa Clara County, California.

20          3.      During April of 2005, HAWKE lawfully married one LUCIA HERRERA

21   HAWKE (hereinafter "LUCIA"). At the time of the marriage ceremony, LUCIA's fiancé visa

22   was due to expire in the coming month. During the term of their marriage, HAWKE therefore

23   acted as LUCIA's "sponsor" and submitted a joint application for LUCIA's "K1 Visa" for legal

24   status in the United States.

25          4.      On September 26, 2006, HAWKE was arrested by the San Jose Police

26   Department on a felony charge of battery upon a spouse/co-habitant in violation of California

27   Penal Code Section 273.5. The San Jose Police Department suspected HAWKE committed

28   domestic violence against LUCIA. The alleged incident that formed the basis for the probable

---

*FIRST AMENDED PETITION FOR THE DISCLOSURE OF CERTAIN RECORDS HELD BY THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CITIZENSHIP SERVICES HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES CASE NO.: C 07-03456 RMW*

2

1 cause to arrest HAWKE occurred the day prior, on September 25, 2006.

2   5.   On September 29, 2006, the State of California, by and through the District

3 Attorney's office, filed a misdemeanor complaint against HAWKE alleging that he violated

4 Penal Code Section 242-243(e), simple battery upon a spouse/cohabitant. A true and correct

5 copy of the misdemeanor complaint issued by the District Attorney is attached hereto as Exhibit

6 "1" and incorporated herein by this reference. In that complaint, the District Attorney put

7 HAWKE on notice that pursuant to California Evidence Code Section 1109, the District

8 Attorney would *"offer other acts of domestic violence within the meaning of Evidence Code*

9 *Section 1109...*" Evidence Code Section 1109 allows the District Attorney, during the course of

10 a trial involving allegations of domestic violence, to introduce evidence of past abuse as

11 permissible character evidence.

12   6.   During HAWKE's investigation and preparation for trial, a document was

13 obtained from the UNITED STATES regarding LUCIA's application to obtain lawful permanent

14 resident status pursuant to the Violence Against Women Act (hereinafter "VAWA") in June of

15 2006. HAWKE was previously unaware of the fact that LUCIA had applied for lawful

16 permanent residency via VAWA. The document indicated that because LUCIA's K1 Visa for

17 permanent residency was approved in September of 2006, that her application under VAWA had

18 to be denied as she had already obtained permanent residency. A true and correct copy of the

19 document obtained from the UNITED STATES is attached hereto as Exhibit "2" and

20 incorporated herein by this reference.

21   7.   HAWKE believes that LUICIA submitted an application under VAWA and that

22 she alleged prior abuse as the foundation for her application to the UNITED STATES for

23 permanent residency, presumably under penalty of perjury in the form of a sworn affidavit(s).

24 During sworn testimony in HAWKE and LUCIA's underlying action for dissolution on January

25 31, 2007, Santa Clara County Docket Number 1-06-FL-136189, LUCIA testified as follows:

> Question: So you did not want to jointly apply with your husband for permanent
> status in the United States?
> Answer: No, because I had a case for domestic violence before immigration, but I
> couldn't' tell him that I had it. Partial portion of Reporter's Transcript attached as
> Exhibit "3."

*FIRST AMENDED PETITION FOR THE DISCLOSURE OF CERTAIN RECORDS HELD BY THE UNITED STATES
DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CITIZENSHIP SERVICES
HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES
CASE NO.: C 07-03456 RMW*

3

1      8.    On April 26, 2007, HAWKE caused a subpoena duces tecum to be issued by the

2 state of California directed towards the UNITED STATES for the production of certain portions

3 of LUCIA's immigration file for use in HAWKE's criminal trial. The subpoena duces tecum

4 was served on the UNITED STATES branch office via mail. A true and correct copy of the

5 subpoena duces tecum is attached hereto as Exhibit "4" and incorporated herein by this

6 reference.

7      9.    Pursuant to California Penal Code Section 1326, the UNITED STATES was to

8 deliver any responsive records to the criminal trial Judge, the Honorable Raymond Davilla, who

9 was then to conduct an in camera review and release the appropriate documents, if any, to the

10 District Attorney and defense counsel. The Court set the matter for an in camera hearing on June

11 8, 2007 at 9:00a.m.

12     10.    On May 10, 2007, the UNITED STATES informally responded to the subpoena

13 duces tecum by way of letter. In brief, the UNITED STATES refused to release any requested

14 records based on **their policy** that only an Order from a Court of competent jurisdiction would

15 suffice to release immigration records, and a State Court Order was not considered a Court of

16 competent jurisdiction. The UNITED STATES required a Federal Court Order. Further, the

17 UNITED STATES would honor a request under the Freedom of Information Act with LUCIA's

18 consent to disclose those records. A true and correct copy of the UNITED STATES' responsive

19 letter is attached hereto as Exhibit "5" and incorporated herein by this reference.

20     11.    On May 23, 2007, HAWKE's attorneys caused a letter to be sent to Maxmillian

21 Zarzana, the District Attorney assigned to prosecute HAWKE's criminal case. In that letter, it

22 was requested that Mr. Zarzana assist in obtaining LUCIA's consent to disclose her immigration

23 records to HAWKE's attorneys. A true and correct copy of the letter mailed to Mr. Zarzana is

24 attached hereto as Exhibit "6" and incorporated herein by this reference.

25     12.    On June 8, 2007 at 9:00a.m., HAWKE, his defense attorney of record and the

26 District Attorney appeared in Department 60 of the Santa Clara County Superior Court for the

27 hearing on the subpoena duces tecum. No records were produced by the UNITED STATES for

28 an in camera review pursuant to "their policy" to ignore state-issued subpoenas. Additionally,

*FIRST AMENDED PETITION FOR THE DISCLOSURE OF CERTAIN RECORDS HELD BY THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CITIZENSHIP SERVICES HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES CASE NO.: C 07-03456 RMW*

4

1    Mr. Zarzana related that he was unable and/or unwilling to procure LUCIA's consent for the

2    disclosure of records pursuant to the Freedom of Information Act, therefore virtually precluding

3    HAWKE from obtaining the records without a Federal Court Order.

4         13.    Based on the letter received from the UNITED STATES in response to the

5    subpoena duces recum, HAWKE pursued a Touhy request for LUCIA's immigration records

6    through the UNITED STATES pursuant to United States ex re. Touhy v. Ragen (1951) 340 U.S.

7    462 [Supreme Court held that regulations could be adopted to govern agency procedures for the

8    production of official files, documents, records, and information, and for the appearance of

9    agency employees as witnesses on official matters, in connection with legal proceedings in

10   which the agency is not a party] and 6 C.F.R. Part 5 [Touhy regulations adopted by Department

11   of Homeland Security].  In brief, HAWKE argued, as he does here, that his constitutional rights

12   as a criminal defendant outweighed any privacy interest retained by LUCIA in her immigration

13   records.  A true and correct copy of HAWKE's Touhy request dated October 31, 2007 is

14   attached hereto as Exhibit "7" and incorporated herein by this reference.

15        14.    On December 7, 2007, the UNITED STATES responded to and denied HAWKE's

16   Touhy request.  In brief, the UNITED STATES noted that the requested records were protected

17   by the Privacy Act pursuant to 5 U.S.C. 552a and that since no consent to disclose was received

18   from LUCIA authorizing disclosure, the UNITED STATES would not produce the requested

19   records.  A true and correct copy of the UNITED STATES' response dated December 7, 2007 is

20   attached hereto as Exhibit "8" and incorporated herein by this reference.

21        15.    On December 14, 2007, pursuant to 72 Fed. Reg. at 1759 ["in the case of redress

22   requests pertaining to records held by DHS organizations, an individual who is not satisfied with

23   the response can appeal his or her case to the DHS Chief Privacy Officer, who will conduct a

24   review and provide final adjudication on the matter"], HAWKE appealed the administrative

25   denial of his Touhy request to the "chief privacy officer" in an effort to exhaust all administrative

26   remedies.  A true and correct copy of HAWKE's administrative appeal dated December 14, 2007

27   is attached hereto as Exhibit "9" and incorporated herein by this reference.

28        16.    On January 30, 2008, the UNITED STATES responded to, and denied,

*FIRST AMENDED PETITION FOR THE DISCLOSURE OF CERTAIN RECORDS HELD BY THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CITIZENSHIP SERVICES HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES CASE NO.: C 07-03456 RMW*

5

1   HAWKE's administrative appeal. A true and correct copy of the UNITED STATES' response
2   dated January 30, 2008 is attached hereto as Exhibit "10" and incorporated herein by this
3   reference.

4       17.    HAWKE now applies to this Court pursuant to the Administrative Procedure Act
5   [5 U.S.C. 101 et seq., specifically 5 U.S.C. 702] for judicial review of the UNITED STATES'
6   decision to deny production of the requested records.

7

8       WHEREFORE, HAWKE prays as follows:

9       18.    An Order of the Court that the UNITED STATES produce the records and
10  documents attached to this Petition as Exhibit "11," and mail those records to the clerk of the
11  Court at 211 Second Street for an in camera review by the Honorable Judge Ronald Whyte and
12  release, as appropriate, to the parties, and

13      19.    For such other further relief as the Court may deem just and proper.

14

15

16  Date: 2/21/08                                 Respectfully Submitted,

17                                                LAW OFFICES OF DENNIS J. LUCA

18

19

20                                                _____/s/_____
21                                                David J. Luca, Esq.,
                                                  Attorney for Petitioner,
22                                                MARK HAWKE

23

24

25

26

27

28

FIRST AMENDED PETITION FOR THE DISCLOSURE OF CERTAIN RECORDS HELD BY THE UNITED STATES
DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CITIZENSHIP SERVICES
HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES
CASE NO.: C 07-03456 RMW

6

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA
SAN JOSE FACILITY

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, <br>                          Plaintiff, <br><br><br><br>             vs. <br><br> MARK HAWKE (7/27/1968), <br> 362 N. 6TH ST., SAN JOSE, CA <br>                         Defendant(s) | MISDEMEANOR COMPLAINT <br><br> DA NO:  060927193 <br>    CEN <br> 06065206  MH  BAIL  10/10/2006 |

**DEFENSE COPY**
Notice of Confidentiality
Penal Code Section 1054.2
No attorney may disclose or permit to be disclosed
to a defendant the address or telephone number of
a victim or witness unless specifically permitted
by the court after a hearing and showing of good
cause. Violation of PC1054.2 is a misdemeanor.

The undersigned is informed and believes that:

## COUNT 1

On or about September 25, 2006, in the County of Santa Clara, State of California, the crime of
BATTERY ON SPOUSE, COHABITANT, PARENT OF CHILD, FORMER SPOUSE, FIANCE,
FIANCEE OR DATING RELATIONSHIP, in violation of PENAL CODE SECTION 242-243(e), a
Misdemeanor, was committed by MARK HAWKE who did willfully and unlawfully use force and
violence against a spouse, Jane Doe.

## EVIDENCE CODE SECTION 1109 NOTICE

Notice is given that the People will offer evidence of other acts of domestic violence within the meaning
of Evidence Code section 1109 contained within the affidavit of probable cause and the attached reports.
In compliance with Penal Code section 1054.7, the People will disclose any additional evidence that
may become known or acquired during the pendency of this action.

## DISCOVERY REQUEST

Pursuant to Penal Code sections 1054 through 1054.7, the People request that, within 15 days, the
defendant and/or his/her attorney disclose:  (A) The names and addresses of persons, other than the
defendant, he/she intends to call as witnesses at trial, together with any relevant written or recorded
statements of those persons, or reports of the statements of those persons, including any reports or
statements of experts made in connection with the case, and including the results of physical or mental
examinations, scientific tests, experiments, or comparisons which the defendant intends to offer in
evidence at the trial; (B)  Any real evidence which the defendant intends to offer in evidence at the trial.

This request is a continuing request, to cover not only all such material currently in existence, but all material which comes into existence to the conclusion of this case.

Further, attached and incorporated by reference are official reports and documents of a law enforcement agency which the complainant believes establish probable cause for the pretrial restraint of defendant MARK HAWKE, for the above-listed crimes.

Complainant therefore requests that the defendant(s) be dealt with according to law.

I certify under penalty of perjury that the above is true and correct.

Executed on September 29, 2006, in SANTA CLARA County, California.

Bence 2483
( Colon 2435 )
SJPD (408) 277-3700 062690031 FV
KAJANI/ D355/ MISDEMEANOR/ gl



**U.S. Department of Homeland Security**
Immigration and Citizenship Services                    Decision on Application for Status as Permanent Resident

1887 Monterey Road
San Jose, CA 95112

Lucia Herrera Hawke
362 N. 6th St.
San Jose, CA 95112

File: A 97 879 961

Date: DEC 0 1 2006

Upon consideration, it is ordered that your application for status as a lawful permanent resident be denied for the following reasons:

SEE ATTACHMENT

If you fail to depart from the United States, proceedings will be instituted to enforce your departure. You may renew your application for status as a permanent resident during such proceedings.

_____
(Signature of Authorized Official)

David N. Still
District Director

_____
(Title of Authorized Official)

cc: Lynette Parker, Esq.

A97 879 961

On June 13, 2006, you applied for adjustment of status to that of a lawful permanent resident under section 245 of the Immigration and Nationality Act, as amended. Section 245 states, in pertinent part:

> (a) The status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

Title 8, Code of Federal Regulations, Part 245.1(c)(5) contains the regulations governing adjustment status and states in pertinent part:

> Any alien who is already an alien lawfully admitted to the United States for permanent residence on a conditional basis pursuant to section 216 or 216A of the Act, regardless of any other quota or non-quota immigrant visa classification for which the alien may otherwise be eligible.

A review of your file indicates that on August 10, 2006 you filed an application based on a K1 visa petition. On September 21, 2006 you were granted lawful permanent residency based on the application filed on August 10, 2006. As stated above your pending application filed on June 13, 2006 must be an hereby is denied.



1

2

3

4

5

6        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

7           IN AND FOR THE COUNTY OF SANTA CLARA

8      BEFORE THE HONORABLE RAYMOND J. DAVILLA, JR., JUDGE

9                DEPARTMENT NO. 60

10                  ---oOo---

11   In re the Marriage of         )
                              )

12   Petitioner:  MARK HAWKE       )      CASE NO. 1-06-FL-136189
                              )

13         and                 )
                              )

14   Respondent:  LUCIA H. MARQUEZ    )
                              )

15   _____ )

16

17

18       **REPORTER'S PARTIAL TRANSCRIPT OF PROCEEDINGS**

19              TERRAINE COURTHOUSE

20          WEDNESDAY, JANUARY 31, 2007

21

22

23   APPEARANCES:

24   For the Petitioner:          DENNIS J. LUCA
                            Attorney at Law

25

26   For the Respondent:         TODD E. JONES
                            Attorney at Law

27   Also Present:             MICHELLE WATTE & RAUL GOMEZ
                            LYDIA DELATORRE

28                             Spanish Language Interpreters



1    life with him, that's all I need.

2         MR. LUCA:   Q.   Did you have an understanding, having

3    consulted with Mr. Padilla, that the income, earnings, and

4    investments of Mr. Hawke were his and his alone?

5    A.         Yes.

6    Q.         Did you and Mr. Hawke jointly apply as husband and

7    wife to obtain a permanent resident alien card for you in the

8    United States?

9         MR. JONES:   Objection.   Calls for a legal

10   conclusion.

11        I'd like the Court to take judicial notice of the

12   fact that Mr. Hawke was the petitioner of that -- of that

13   action.

14        MR. LUCA:   That's not my question.   I asked her if

15   she jointly applied.

16        MR. JONES:   That's a -- calls for a legal

17   conclusion.

18        THE COURT:   Well, we can read the question back.

19   But I think you asked again what she understood, and I'll

20   allow that if that's what the question was.

21        MR. LUCA:   And the Court makes a valid point, Your

22   Honor.   I'm sorry.

23   Q.         I want to withdraw the question.   Ms. Marquez, I'm

24   going to ask you another question.

25        Is it your understanding that you and Mr. Hawke

26   jointly applied as husband and wife to obtain your resident

27   alien card for the United States of America?

28   A.         Those forms I signed way before Mark was sent them,

1    one year before.  And I didn't want him to send them, but I

2    couldn't either tell -- tell him not to send them.

3    Q.        So you did not want to jointly apply with your

4    husband for permanent status in the United States?

5    A.        No, because I had a case for domestic violence

6    before immigration, but I couldn't tell him that I had it.

7    Q.        All right.  So, my question to you is:  You applied

8    for an immigration status in secret, without Mr. Hawke

9    knowing, correct?

10            MR. JONES:  Objection, Your Honor.  This is -- goes

11   to the heart of my motion in limine.  We're getting into an

12   extremely confidential area, the VAWA application, and I don't

13   want my client being questioned at all in that regard.  It's

14   not relevant.

15            MR. LUCA:  Sorry, Your Honor.  She opened the door.

16   She answered a question, and I get to go down the road now.

17            MR. JONES:  No, Your Honor, that's -- she answered a

18   question in good faith.  The question didn't call for the

19   information, for her to disclose private information.  That's

20   why I made the motion in limine ahead of time, because I know

21   Ms. Marquez is not as adept in the law, sidestepping potential

22   issues, as is Mr. Luca.  That's why I made the objection ahead

23   of time, so that she wouldn't be trapped into going down that

24   road.

25            THE COURT:  I'm going to sustain the objection.

26   We're not going to go there.

27            MR. LUCA:  I want to be clear, Your Honor.  The

28   instruction from the Court is I can ask no questions about a

```
 1    previous application, one that preceded the affidavit of
 2    support that's before the Court?
 3              THE COURT:  Not if it's the one that he just
 4    described.
 5              MR. JONES:  And according to her last answer, it's
 6    my understanding that it is.
 7              THE COURT:  Well, we can verify that and then strike
 8    it if it is, but however you two want to proceed.
 9              MR. JONES:  The VAWA appplication, Violence Against
10    Women's Act.
11              THE COURT:  Well, I know that, but is there a date?
12              MR. JONES:  I don't know, Your Honor, and I don't
13    want my client to be interrogated as to what date that was.
14    She's already stated on the record that she applied for
15    something.  I think that's all that's relevant in this
16    proceeding.  I don't want her to be exposed to interrogation,
17    cross-examination, direct examination on when, what she
18    applied for, or what she said.
19              THE COURT:  Well, if it's something other than what
20    you're describing, I think it's fair game.  If it's the
21    Violence Against Women, we're not going there.
22              MR. JONES:  I would like to have the court reporter
23    read back her last answer.  I believe she was describing the
24    Violence Against Women Act application.
25              MR. LUCA:  That's not what she said, Your Honor.
26              THE COURT:  I don't think she said that but --
27              MR. JONES:  I don't think she said it in those
28    words.
```

1          THE COURT:  Can you read that back?

2                    (Record read.)

3          MR. JONES:  There's only one type of case that I

4    know that you're allowed to keep secret, Your Honor, and

5    that's a VAWA application.

6          THE COURT:  So I will sustain the objection.

7          MR. LUCA:  Q.  Did you tell Mr. Hawke that you had

8    applied independently for immigration status separate from

9    him?

10         MR. JONES:  Objection, Your Honor.  Same objection.

11   It's an attempt to get the same information.

12         THE COURT:  I will allow the question to be

13   rephrased to eliminate what she previously referred to.  If

14   there's another application, that may be fair game.

15         MR. LUCA:  Q.  How many times did you apply for an

16   application to become a resident alien other than the one time

17   that you applied with Mr. Hawke?

18         MR. JONES:  It calls for privileged information,

19   Your Honor, VAWA information.

20         MR. LUCA:  I'm asking for how many times, Your

21   Honor.

22         THE COURT:  Just how many?

23         If he wants to re --

24         MR. JONES:  If he wants to limit it.

25         THE COURT:  I'll allow that question.

26         THE WITNESS:  Once.

27         MR. LUCA:  Q.  All right.  And how long -- how much

28   time previous to the joint application was this other

```
 1   application filed?
 2            MR. JONES:  Objection.  Relevance, 352, calls for
 3   confidential information.
 4            MR. LUCA:  Your Honor, it goes exactly to the
 5   credibility of the witnesses.  It goes exactly to the issue of
 6   motive as to whether or not it is -- at the time of
 7   enforcement whether the premarital agreement is
 8   unconscionable.
 9            MR. JONES:  Your Honor, this has nothing to do with
10   the enforcement being unconscionable.  This has to do with
11   Mr. Luca on a fishing expedition for something that's highly
12   confidential.  It's a VAWA application.  My client should not
13   be subjected to it, and that's why I made the motion
14   in limine.
15            MR. LUCA:  I'm not asking for any details of the
16   application.  I'm asking for a time frame.  That is not
17   confidential information.
18            MR. JONES:  It's not relevant, Your Honor.
19            THE COURT:  I'll allow the time frame.  You may
20   answer as to the timing.
21            THE WITNESS:  March, April.  I don't remember.
22            MR. LUCA:  Q.  Of which year?
23   A.       I don't recall the exact date.
24   Q.       Okay.  March or April of what year?
25   A.       (In English) 2006.
26   Q.       All right.  Now, you have a work permit currently in
27   this country, correct?
28            MR. JONES:  Objection, Your Honor.  We're
```

```
 1    stipulating that my client has permission to work via her
 2    immigration status.
 3                 MR. LUCA:  Your Honor, he can stipulate all he
 4    wants.  I get to ask the question.
 5                 MR. JONES:  But I don't want him to ask questions
 6    that aren't relevant, Your Honor.  I'm willing to stipulate to
 7    it.  I don't want him then claiming that he's opened the door
 8    for something else to go into.  I don't want this to be about
 9    my client's immigration statements that she made.  I'm willing
10    to stipulate --
11                 THE COURT:  I don't know we're going into
12    immigration on it.  I'll allow the next question.
13                 THE WITNESS:  No, sir.
14                 MR. LUCA:  Q.  Okay.  What prevents you from -- from
15    September of '06 forward to today, what prevents you from
16    working?
17                 MR. JONES:  Calls for a legal conclusion, Your
18    Honor.  Objection.
19                 THE COURT:  No, overruled.
20                 THE WITNESS:  I haven't been given a social security
21    number, the number that you need to find a job in this
22    country.
23                 MR. LUCA:  Q.  And is that the only prohibition to
24    you working, is a social security number?
25    A.        And my English is not that good, not that good in
26    the sense that I couldn't get the type of job that I had in
27    Colombia.
28    Q.        All right.  What type of job did you have in
```



1  **DENNIS J. LUCA, ESQ.    SBN 203847**
   **LAW OFFICES OF DENNIS J. LUCA**
2  150 Almaden Boulevard, Suite 1300
   San Jose, CA 95113
3  Telephone (408) 287-7878
   Facsimile  (408) 287-7879
4
5  ATTORNEY FOR DEFENDANT
   Mark Hawke
6
7

**(ENDORSED)**
**FILED**
APR 2 6 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY Cynthia Alvarado  DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SANTA CLARA

10

11  PEOPLE OF THE STATE OF CALIFORNIA,)   Case No.:  CC644374

12              Plaintiff,           )

13  vs.                             )   **NOTICE OF MOTION FOR RELEASE**
                                     )   **OF DOCUMENTS PURSUANT TO**
14                                   )   **SUBPOENA DUCES TECUM**

15  MARK HAWKE,                     )
                                     )   Date:           June 8, 2007
16              Defendant.           )   Dept.:          60
                                     )   Time:           9:00a.m.
17  _____ )   Time Estimate:  Fifteen Minutes

18

19       TO THE ABOVE-ENTITLED COURT, AND TO THE DISTRICT ATTORNEY OF

20  THE COUNTY OF SANTA CLARA:

21       NOTICE IS HEREBY GIVEN that on the 8th day of June, 2007, at 9:00 a.m., or as soon

22  thereafter as the matter may be heard, in Department 60 of the Santa Clara County Superior

23  Court located at 115 Terraine Street, San Jose, California, Defendant, MARK HAWKE, by and

24  through his counsel, Dennis J. Luca, will and does make a motion that the Court Order the

25  release of records subpoenaed to Court pursuant to Penal Code Section 1326 and Evidence Code

26  Section 1560.

27       Said motion will be based upon the files and records herein, the attached declaration and

28  other evidence, oral or documentary, as may be presented at said hearing.

*NOTICE OF MOTION FOR RELEASE OF DOCUMENTS PURSUANT TO SUBPOENA DUCES TECUM*
*PEOPLE V. HAWKE*
*CASE NO.: CC644374*

1    The approximate time to hear this motion is fifteen minutes.

2

3

4    Date: 7/20/07

5                                        Respectfully Submitted,

6                                        LAW OFFICES OF DENNIS J. LUCA

7

8

9                                        Dennis J. Luca, Esq.,
                                         Attorney for Defendant,
10                                       MARK HAWKE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION FOR RELEASE OF DOCUMENTS PURSUANT TO SUBPOENA DUCES TECUM
PEOPLE V. HAWKE
CASE NO.: CC644374

1  **DENNIS J. LUCA, ESQ.    SBN 203847**
   **LAW OFFICES OF DENNIS J. LUCA**
2  150 Almaden Boulevard, Suite 1300
   San Jose, CA 95113
3  Telephone (408) 287-7878
   Facsimile  (408) 287-7879
4

5  ATTORNEY FOR DEFENDANT
   Mark Hawke

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       IN AND FOR THE COUNTY OF SANTA CLARA

10

11  PEOPLE OF THE STATE OF CALIFORNIA,)   Case No.:  CC644374

12                    Plaintiff,

13  vs.                                   **DECLARATION IN SUPPORT OF**
                                          **SUBPOENA DUCES TECUM**
14

15  MARK HAWKE,

16                    Defendant.

17

18      I, DENNIS J. LUCA, declare:

19      1.    That I am an attorney duly licensed to practice before all courts of the State of

20  California and I am the attorney of record for the Defendant herein, MARK HAWKE.

21      2.    This action is a criminal prosecution against MARK HAWKE for one count of

22  Penal Code Section 242-243(e), battery on spouse, a misdemeanor.

23      3.    The Department of Homeland Security, Immigration and Naturalization Services,

24  or the custodian of records operating on their behalf, has in his/her possession, or under his/her

25  control, the following described documents:

26          a.    Any and all letters, statements, applications, declarations, records or

27  documents of any kind related to LUCIA HERRERA HAWKE's (aka LUCIA HERRERA

28  MARQUEZ) petition for a "K1 visa" in the United States of America from January 1, 2004 to

1  the date of production under case number A97879961.

2        b.    Any and all letters, statements, applications, declarations, records or

3  documents of any kind related to LUCIA HERRERA HAWKE's (aka LUCIA HERRERA

4  MARQUEZ) application for "permanent residency" in the United States of America from

5  January 1, 2004 to the date of production under case number A97879961.

6        c.    Any and all correspondence sent from the U.S. Department of Homeland

7  Security, Immigration and Citizenship Services to LUCIA HERRERA HAWKE (aka LUCIA

8  HERRERA MARQUEZ), or an authorized agent on her behalf, from January 1, 2004 to the date

9  of production under case number A97879961.

10        d.    Any and all correspondence sent from LUCIA HERRERA HAWKE (aka

11  LUCIA HERRERA MARQUEZ), or an authorized agent on her behalf, to U.S. Department of

12  Homeland Security, Immigration and Citizenship Services from January 1, 2004 to the date of

13  production under case number A97879961.

14        e.    Any and all letters, statements, applications, records or documents of any

15  kind related to LUCIA HERRERA HAWKE's (aka LUCIA HERRERA MARQUEZ) interaction

16  with U.S. Department of Homeland Security, Immigration and Citizenship Services from

17  January 1, 2004 to the date of production under case number A97879961, not provided in

18  response to demands a, b, c, d or e.

19      4.    You are **not required** to appear in person **if you produce the records described**

20  **in this affidavit** and a completed declaration of custodian of records in compliance with

21  Evidence Code sections 1560, 1561, and 1271, in the following manner: (A) Place a copy of the

22  records in an envelope (or other wrapper). Enclose your original declaration with the records.

23  Seal them. (B) Attach a copy of this subpoena to the envelope or write on the envelope the case

24  name and number, your name and date, time, and place from item 1 (the box above). (C) Place

25  this first envelope in an outer envelope, seal it, and mail it to the clerk of the Court at 115

26  Terraine Street, San Jose, CA 95110. (D) Mail a copy of your declaration to the attorney or

27  party shown at the top of this form.

28      I declare under penalty of perjury that the foregoing is true and correct to the best of my

*DECLARATION IN SUPPORT OF SUBPOENA DUCES TECUM*
*PEOPLE V. HAWKE*
*CASE NO.: CC644374*

1   information and belief, and that this declaration was executed on the ___20___ day of April, 2007 at

2   San Jose, CA.

3

4

5

6                              Dennis J. Luca, Esq.,

                              Attorney for Defendant,

7                               MARK HAWKE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

982(a)(16)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):

TELEPHONE NO.: 408-287-7878

Dennis J. Luca      SBN 203847
LAW OFFICES OF DENNIS J. LUCA
150 Almaden Blvd., Suite 1300
San Jose, CA 95113

ATTORNEY FOR (Name): MARK HAWKE

Insert name of court, judicial district or branch court, if any, and post office and street address:

Superior Court, County of Santa Clara
UNIFIED COURT
115 Terraine Street, Department 60
San Jose, CA 95110

Title of case:     PEOPLE V. HAWKE

**SUBPOENA AND PROOF OF SERVICE (CRIMINAL OR JUVENILE)**
[ X ] **DUCES TECUM**

CASE NUMBER:
CC644374

THE PEOPLE OF THE STATE OF CALIFORNIA, TO (Name):   Department of Homeland Security, United States Citizenship and Immigration Services, located at 444 Washington Street, San Francisco, CA 94111, (800) 375-5283.

1. **YOU ARE ORDERED TO APPEAR AS A WITNESS** in this action at the date, time, and place shown in the box below UNLESS you make a special agreement with the person named in item 3:

a. Date: 6/08/07      Time: 9:00a.m.    [ X ] Dept.: 60    [ ] Div.:    [ ] Room:
b. Address: 115 Terraine Street, Department 60
San Jose, CA 95110

2. **AND YOU ARE**

a. [ ]    ordered to appear in person.

b. [ X ]   not required to appear in person if you produce the records described in the accompanying affidavit and a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271, in the following manner: (1) Place a copy of the records in an envelope (or other wrapper). Enclose your original declaration with the records. Seal them. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number, your name and date, time, and place from item 1 (the box above). (3) Place this first envelope in an outer envelope, seal it, and mail it to the clerk of the court at the address in item 1. (4) Mail a copy of your declaration to the attorney or party shown at the top of the form.

c. [ ]    ordered to appear in person and to produce the records described in the accompanying affidavit. The **personal attendance** of the custodian or other qualified witness and the production of the original records **is required** by this subpoena. The procedure authorized by subdivision (b) of section 1560, and sections 1561 and 1562, of the Evidence Code will not be deemed sufficient compliance with this subpoena.

3. **IF YOU HAVE ANY QUESTIONS ABOUT THE TIME OR DATE FOR YOU TO APPEAR, OR IF YOU WANT TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED, CONTACT THE FOLLOWING PERSON BEFORE THE DATE ON WHICH YOU ARE TO APPEAR:**

a. Name: DENNIS J. LUCA                    b. Telephone number: 408-287-7878

4. **WITNESS FEES:** You may be entitled to witness fees, mileage, or both, in the discretion of the court. Contact the person named in item 3 **AFTER** your appearance.

DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED BY A FINE, IMPRISONMENT, OR BOTH. A WARRANT MAY ISSUE FOR YOUR ARREST IF YOU FAIL TO APPEAR.

FOR COURT USE ONLY

Date: 04/20/07

_____ (SIGNATURE)

DENNIS J. LUCA
(TYPE OR PRINT NAME)

ATTORNEY FOR DEFENDANT
(TITLE)

(See reverse for proof of service)

Form Adopted for Mandatory Use
Judicial Council of California
982(a)(16) [Rev. January 1, 2005]

**SUBPOENA AND PROOF OF SERVICE**
**(CRIMINAL OR JUVENILE)**

Legal
Solutions
Plus

Penal Code, § 1326 et seq.
Welfare and Institutions Code, §§ 341, 664,1727

Page 1 of 2

1  **DENNIS J. LUCA, ESQ.**   SBN 203847
   **LAW OFFICES OF DENNIS J. LUCA**
2  150 Almaden Boulevard, Suite 1300
   San Jose, CA 95113
3  Telephone (408) 287-7878
   Facsimile  (408) 287-7879
4

5  ATTORNEY FOR DEFENDANT
   Mark Hawke
6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF SANTA CLARA

10

11  PEOPLE OF THE STATE OF CALIFORNIA,)   Case No.:  CC644374

12              Plaintiff,           )

13  vs.                             )   **DECLARATION IN SUPPORT OF**
                                    )   **MOTION FOR THE RELEASE OF**
14                                   )   **DOCUMENTS PURSUANT TO**
                                    )   **SUBPOENA DUCES TECUM**
15  MARK HAWKE,                      )

16              Defendant.           )
                                    )
17                                   )
                                    )
18  _____)

19        I, DENNIS J. LUCA, declare:

20        1.      That I am an attorney duly licensed to practice before all courts of the State of

21  California and I am the attorney of record for the Defendant herein, MARK HAWKE.

22        2.      This action is a criminal prosecution against MARK HAWKE for one count of

23  Penal Code Section 242-243(e), battery on spouse, a misdemeanor.

24        3.      That this declaration is in support of Defendant's motion for the release of

25  documents.  A copy of the Subpoena Duces Tecum is attached as Exhibit A for the Custodian of

26  Records for the **Department of Homeland Security, United States Citizenship and**

27  **Immigration Services**, located at 444 Washington Street, San Francisco, CA 94111, (800) 375-

28  5283.

---

The stamp reads:

(ENDORSED)
**F I L E D**
APR 2 6 2007
KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY  Cynthia Alvarado  DEPUTY

1        4.    There is good cause for the production of the records described in the attached

2    subpoena as these records are necessary for the defense of this action.  Specifically, I believe the

3    alleged victim in this case has proffered false statements to case workers during the course of her

4    citizenship application, specifically, citing false cases of abuse and/or domestic violence in a

5    "battered spouse's" application for lawful status.  The statements and documents contained in the

6    immigration file are critical for the Defendant's theory of this case.  Further, I also believe that

7    the alleged victim has further perjured herself in the related family law nullity proceeding by

8    stating she does not have certain privileges (ie, a work visa), when in fact, that status had been

9    granted some time ago, as will be reflected in her immigration file.

10        5.    Unfortunately, other attempts to obtain the file have been met with opposition

11    from the Department of Homeland Security.  Specifically, our office has already once attempted

12    to serve a subpoena under the "FL" case number only to have the subpoena rejected.  The

13    Defendant must have the opportunity to review the immigration records in order o prepare an

14    adequate defense at trial and exercise his constitutional right to due process and a fair trial.  An

15    Order from this Court may be required to enforce the subpoena.

16        6.    I also submit that the slight burden placed on the Department of Homeland

17    Security, Immigration and Naturalization Services in producing these records is outweighed by

18    the interest of the Defendant in a fair trial and ascertainment of the relevant facts in preparation

19    for trial. *See* <u>Pitchess v. Superior Court,</u> (1974) 11 Cal. 3d 531, 536.

20        7.    WHEREFORE, I request that said records be released to counsel for both parties

21    before or on **June 8, 2007, at 9:00a.m.**

22        I declare under penalty of perjury that the foregoing is true and correct to the best of my

23    information and belief, and that this Declaration was executed on the __*20*__ <sup>th</sup> day of April, 2007

24    at San Jose, CA.

25

26

27

28                              Dennis J. Luca, Esq.,
                          Attorney for Defendant,
                          MARK HAWKE

*DECLARATION IN SUPPORT OF MOTION FOR RELEASE OF DOCUMENTS PURSUANT TO SUBPOENA DUCES TECUM*
*PEOPLE V. HAWKE*
*CASE NO.: CC644374*

2

FILED

APR 2 6 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY Cynthia Alvarado DEPUTY

1

PROOF OF SERVICE

2

I, the undersigned, declare that I am employed in Santa Clara County, California. I am
3  over the age of 18 years and not a party to the within action; my business address is 150 Almaden
   Boulevard, Suite 1300, San Jose, California 95113.
4

5        On April 20ᵗʰ, 2007, I served the following document(s):

6  **NOTICE OF MOTION FOR RELEASE OF DOCUMENTS PURSUANT TO SUBPOENA**
7                              **DUCES TECUM**

8        **DECLARATION IN SUPPORT OF SUBPOENA DUCES TECUM**

9  **DECLARATION IN SUPPORT OF MOTION FOR THE RELEASE OF DOCUMENTS**
                    **PURSUANT TO SUBPOENA DUCES TECUM**

10  on the party or parties named below, as follows:

11  [ ]    BY PERSONAL SERVICE: By personally delivering a copy of said document(s) on the
12  following party or parties at the following location:

13  [X]    BY MAIL: By following ordinary business practice, and placing a true copy thereof
14  enclosed in a sealed envelope, for collection and mailing with the United States Postal Service
    where it would be deposited for first class delivery, postage fully prepaid depositing with the
15  United States Postal Service on that same day in the ordinary course of business at 150 Almaden
    Boulevard, San Jose, California, and addressed as follows:
16

17                        **MAXMILIAN ZARZANA**
18                        **Deputy District Attorney**
                          **Office of the District Attorney**
19                        **70 West Hedding Street, West Wing**
                          **San Jose, CA 95110**
20

    [ ]    BY FACSIMILE: By transmitting from the facsimile machine of The Law Office of
21  Dennis J. Luca whose phone number is 408-287-7879, in compliance with CRC Rule 2003(3).
22  Pursuant to CRC Rule 2008(e) the transmission be facsimile was reported as complete and
    without error, as indicated in the transmittal report which was properly issued by this
23  transmitting facsimile machine (a true and correct copy of which is affixed to the original of this
    proof of service), addressed to the person on whom it is to be served, as follows:
24

25        Executed on April 20ᵗʰ, 2007, at Santa Clara County, California. I declare under
    penalty of perjury under the laws of the State of California that the above is true and correct.
26

27

                                    _____
28                                        DAVID LUCA

---

*PROOF OF SERVICE*



*fice of the Chief Counsel*



**U.S. Department of Homeland Security**
630 Sansome Street, Suite 1080
San Francisco, CA 94111

**U.S. Citizenship and**
**Immigration Services**

May 10, 2007

*RECEIVED*
*MAY 1 4 2007*

Dennis Luca, Esq.
150 Almaden Blvd., Suite 1300
San Jose, CA 95113

Dear Mr. Luca:

I am responding to the subpoena that was received by the U.S. Citizenship and Immigration Services (USCIS) relating to the case of *People of the State of California v. Mark Hawke,* pending before the County Court in Santa Clara, California. In this subpoena you are requesting that USCIS produce documents relating to Lucia Herrera Hawke.

The purpose of this letter is to inform you of the procedural prerequisites for obtaining information, either through the use of documents or testimony, from the Department of Homeland Security (DHS) of which USCIS is part. The DHS' regulations bar all DHS employees from providing oral or written testimony concerning information acquired while such person is or was an employee of DHS unless authorized to do so by the DHS' Office of General Counsel or its designees. *See* 6 C.F.R. § 5.44. The DHS' regulations require the party seeking testimony or documents to first set forth in writing, with as much specificity as possible, the nature and relevance of the information sought. *See* 6 C.F.R. § 5.45.

In addition, if the records you are seeking relate to either a lawful permanent resident or United States citizen, then the Privacy Act, 5 U.S.C. § 552a, prevents the release of this information without the subject's consent unless USCIS is authorized by one of the Privacy Act's exceptions. Although the Privacy Act does permit disclosure pursuant to an order signed by a court of competent jurisdiction and the subpoena you served is signed by a state court judge, USCIS has taken the position that court of competent jurisdiction means a federal court as opposed to a state or local court. *See Sharon Lease Oil Co. v. FERC,* 691 F.Supp. 381 (D.D.C. 1988).

Moreover, the Government must consider, inter alia, whether compliance would be unduly burdensome based on the need to conserve the time of Government employees for the conduct of official business, the need to maintain impartiality between private litigants in cases where a substantial government interest is not implicated, and whether compliance would have adverse effect on the Government's performance of its mission and duties. *See* 6 C.F.R. § 5.48(a)(1), (4), (6), (7).

Based upon the information you are requesting, it appears that you should make a request under the Freedom of Information Act pursuant to 5 U.S.C. § 552, which provides that any person has a right to request access to immigration records, except those records exempted by the Act. As this appears to be the most appropriate method of obtaining the records you are requesting, I have included information on how to make such a request.

Sincerely,

Kelli J. Duehning
Deputy Western Regional Counsel
US Citizenship and Immigration Services
San Francisco, CA

Enclosure



Dennis J. Luca, Esq.
Felicia D. Lucero, Esq.
David J. Luca, Esq.

Professional Law Corporation
Tel: (408) 287-7878
Fax: (408) 287-7879

# Law Offices of Dennis J. Luca

### Attorneys and Counselors at Law
150 Almaden Boulevard
Suite 1300
San Jose, California 95113

May 25, 2007

Office of the District Attorney
**Attn: Maxmillian Zarzana**
70 West Hedding Street
San Jose, CA  95110

Re:     <u>People v. Mark Hawke</u>
        Docket No. CC644374

Dear Mr. Zarzana:

I hope you are doing well.  I have enclosed herein a letter from Ms. Duchning of the DHS Western Regional Counsel in response to my subpoena issued and served on April 23rd to INS in San Francisco.  As you may recall, I also sent a duplicate subpoena to the National Record Center in Missouri.  I have not yet received a response from the National Record Center, but can only assume that it will be similar in substance to that of Ms. Duchning's letter.

Obviously, this was not the response I had hoped for.  Although Ms. Duchning does make reference to a Freedom of Information Act (FOIA) request, for a resident alien (which Lucia Herrera/Hawke is classified as at this time), I would need Lucia's consent to obtain those records, which I cannot force her to give.  Additionally, I spoke to a representative at the National Record Center (who handles the FOIA requests) and their response time is between twelve and sixteen months.  So, although this may not be the most expeditious method to obtain the records, I would ask whether you would be willing to obtain Lucia's consent to obtain her immigration records.  If this is indeed agreeable, I have enclosed the appropriate forms for her to complete.

The other, and more feasible, option for disclosure of these records would be a Federal Court Order.  I have been researching the possibility of filing a Petition in Federal Court based on my client's federal due process rights and believe that it is a proper method to obtain a Court Order.  However, I would appreciate your input and support for obtaining these records.  I can only assume that if both the prosecution and defense

require these records, it could only help a Federal Judge in issuing an Order for their release.

As for our next Court date on June 8th, I do plan to have Judge Davilla sign the enclosed Order compelling the release of the INS records.  Please let me know if the form/content of the Order is acceptable prior to June 8th.

Very truly yours,

Law Offices of Dennis J Luca

David J. Luca
Attorney at Law



DENNIS J. LUCA, ESQ.
FELICIA D. LUCERO, ESQ.
DAVID J. LUCA, ESQ.

PROFESSIONAL LAW CORPORATION
TEL: (408) 287-7878
FAX: (408) 287-7879

# LAW OFFICES OF DENNIS J. LUCA
## ATTORNEYS AND COUNSELORS AT LAW
1252 PARK AVENUE
SAN JOSE, CA 95126

October 31, 2007

MELANIE L. PROCTOR
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495

Re:    Touhy Request for DHS/USCIS Records
       Immigration File No.: A97879961

Dear Ms. Proctor:

Please allow this letter to serve as an informal request for certain documents in the possession, custody and control of the Department of Homeland Security, U.S. Citizenship and Immigration Services (hereinafter "USCIS") pursuant to 6 C.F.R Part 5 and United States ex rel. Touhy v. Ragen (1951) 340 U.S. 462. The documents requested by and through this letter are collectively listed in Exhibit "A."

## STATEMENT OF PARTIES INVOLVED

This office is the attorney of record for a certain MARK HAWKE (hereinafter "HAWKE"), who is a Defendant in a pending California criminal proceeding, initiated by the Santa Clara County District Attorney's Office, docket number CC644374. HAWKE is charged with a singe misdemeanor count of domestic violence [California Penal Code Section 242-243(e)]. The domestic violence is alleged to have taken place against his former wife, LUCIA HERRERA HAWKE (aka LUCIA HERRERA MARQUEZ, hereinafter "MARQUEZ"). HAWKE is requesting that portions of MARQUEZ's immigration file be disclosed for use in his criminal trial pursuant to his Federal rights under the Fifth and Sixth Amendments to the United States Constitution.

## BACKGROUND

When MARQUEZ first met HAWKE, she was not a citizen of the United States. MARQUEZ wed HAWKE in April of 2005. Unbeknown to HAWKE, MARQUEZ married him primarily to gain status in the United States. On August 21, 2006, HAWKE applied as MARQUEZ's "sponsor" for a K1 Visa. However, on June 13, 2006, prior to the joint application for a K1 Visa with HAWKE, MARQUEZ independently filed for permanent residency via VAWA (Violence against Women Act, Section 245 of the Immigration and Nationality Act as amended aka 8 U.S.C. 1255). It is believed that sworn documents containing allegations of abuse were submitted in support of MARQUEZ's application for status under VAWA.

On September 26, 2006, MARQUEZ telephoned the police and alleged that HAWKE abused her the day

LAW OFFICES OF DENNIS J. LUCA
A PROFESSIONAL LAW CORPORATION

prior. The Police were contacted and HAWKE was arrested for domestic violence on the same day. During the course of the San Jose Police Department's investigation, multiple statements were obtained from MARQUEZ regarding their marriage, prior allegations of abuse and current allegations of abuse.

In the criminal complaint filed by the District Attorney's Office against HAWKE, it stated that the District Attorney would *"offer other acts of domestic violence within the meaning of Evidence Code Section 1109..."* during the course of trial.

## SPECIFIC REASONS FOR DISCLOSURE

It is clear that MARQUEZ filed for legal status under VAWA, and in doing so, submitted sworn testimony in the form of affidavits submitted to USCIS. As the application was filed on June 13, 2006, MARQUEZ must have alleged acts of domestic violence prior to June 13, 2006.

However, in an audio taped interview on September 26, 2006, MARQUEZ stated that **HAWKE had never hit or abused her prior to the incident on September 25, 2006**. The interview was conducted in Spanish, her native language. This directly conflicts with her sworn statements to USCIS via her VAWA application filed in June of 2006, only some three months prior.

Further, a document was obtained by HAWKE that indicates that MARQUEZ's initial VAWA application filed in June of 2006 was denied in December of 2006. It is believed that MARQUEZ was informed that her initial application was deficient for lack of "proof" of domestic violence. It is also believed that the incident in September of 2006 was orchestrated by MARQUEZ to bolster and corroborate her claim(s) of domestic violence by HAWKE for her continuing VAWA application.

HAWKE has a Sixth Amendment right as a criminal defendant to be adequately prepared to cross-examine the witnesses against him, and the immigration records are critical for the presentation of his case. HAWKE will need to combat MARQUEZ's allegations of prior domestic violence with her tape recorded statement, USCIS records and sworn testimony on the witness stand at trial. As nearly all domestic violence prosecutions are a "he said, she said" battle, MARQUEZ's credibility is directly at issue and USCIS records are required for HAWKE to proceed intelligently during the course of the trial.

## EXAMINATION OF DEPARTMENTAL CONSIDERATIONS

The USCIS is obligated to determine whether to release requested records pursuant to the criteria enumerated in 6 C.F.R. Section 5.48(a). Each section shall be addressed in this letter as they relate to this specific inquiry.

(1) Unduly Burdensome: MARQUEZ opened her immigration file in June of 2006. The file should have the K1 Visa application and VAWA application and various correspondence. The Department would not be burdened by producing a copy of those documents. Nothing that is demanded is inappropriate or otherwise improper given the factual circumstances motivating HAWKE's request.

(2) Privilege/Disclosure of Information: It is conceded that VAWA applications are confidential. However, HAWKE seeks those records as a criminal defendant, for use only in his criminal trial. HAWKE would obey and agree to any protective Order issued by the Court that the records be kept private and be used in litigation only and destroyed at the conclusion of litigation and any applicable appeals period.

(3) Public Interest: The public interest would be served by releasing the records to HAWKE. It is believed that MARQUEZ defrauded USCIS in her VAWA application by submitting sworn documents attesting to domestic violence that never occurred. To allow this type of activity to continue would be against the public interest.

(4) Conserve Time: As stated above this request is narrowly tailored and would not consume much of the Department's time.

(5) Time and money: See (1) and (2), above.

(6) Impartiality between private litigants: A substantial government interest is implicated in this case. The State of California, by and through its government, has initiated a criminal prosecution. In every criminal prosecution, the truth should be, and is, the goal. The records requested will reveal the truth in this case.

(7) Adverse effect on performance of Department: See (1) and (2), above.

(8) Avoiding unnecessary involvement of Department: See (1) and (2), above.

This office is in the possession of substantial documentation that verifies the existence and denial of the VAWA application filed by MARQUEZ in June of 2006. Further, we also have a transcript of testimony by MARQUEZ concerning the fact that the VAWA application was filed. Finally, our office also has numerous Police Reports that detail the denial of past abuse. If the Department would like to review any of the aforementioned records, please contact me directly and I will provide a copy of whatever is requested. The records are omitted from this letter only in the interest of presenting a concise request.

I look forward to hearing from you and thank you in advance for your time.

Very truly yours,

David J. Luca
Attorney at Law

cc:         Kelli Duehning
            Western Regional Counsel
            630 Sansome St., Suite 1080
            San Francisco, CA 94111

            Office of the District Attorney
            Attn: Maxmillian Zarzana
            70 West Hedding Street
            San Jose, CA 95110

            Lucia Herrera Hawke
            c/o Julie Saffren, Esq.
            586 North First Street, Suite 215
            San Jose, CA 95112

## EXHIBIT A

1.      Any and all documents related to LUCIA HERRERA HAWKE's (aka LUCIA HERRERA MARQUEZ) petition for a "K1 visa" in the United States of America from January 1, 2004 to the date of production under case number A97879961.

2.      Any and all documents related to LUCIA HERRERA HAWKE's (aka LUCIA HERRERA MARQUEZ) application for "permanent residency" pursuant to section 245 of the Immigration and Nationality Act in the United States of America from January 1, 2004 to the date of production under case number A97879961.

3.      Any and all documents related to LUCIA HERRERA HAWKE's (aka LUCIA HERRERA MARQUEZ) allegations of domestic violence against MARK HAWKE lodged with the United States of America, or any governmental entity operating on its behalf, from January 1, 2004 to the date of production under case number A97879961.

4.      Any and all correspondence sent from the U.S. Department of Homeland Security, Immigration and Citizenship Services to LUCIA HERRERA HAWKE (aka LUCIA HERRERA MARQUEZ), or an authorized agent on her behalf, from January 1, 2004 to the date of production under case number A97879961.

5.      Any and all correspondence sent from LUCIA HERRERA HAWKE (aka LUCIA HERRERA MARQUEZ), or an authorized agent on her behalf, to U.S. Department of Homeland Security, Immigration and Citizenship Services from January 1, 2004 to the date of production under case number A97879961.

6.      Any and all documents related to LUCIA HERRERA HAWKE (aka LUCIA HERRERA MARQUEZ) in the Department's possession not heretofore addressed from January 1, 2004 to the date of production under case number A97879961, or any other, case number.





**U.S. Department of Homeland Security**
20 Massachusetts Avenue N.W., Room 4210
Washington, DC 20529

**U.S. Citizenship and
Immigration Services**

December 7, 2007

David J. Luca, Esquire
Law Offices of Dennis J. Luca
Attorneys and Counselors at Law
1252 Park Avenue
San Jose, CA 94104-3495

Re:  Touhy Request for DHS/USCIS Records

Dear Mr. Luca:

I have been asked to respond to your letter of October 31, 2007, addressed to Melanie Proctor, Assistant United States Attorney, San Francisco, CA, requesting access to documents from the files of the U.S. Citizenship and Immigration Services (USCIS) pertaining to one Lucia Herrera Hawke, also known as Lucia Herrera Marquez.

As you are aware, the Department of Homeland Security (DHS) has adopted *Touhy* regulations that set forth the procedures to be followed with respect to the service of, and responses to, subpoenas for official information, records, or action directed at the DHS or its constituent units. *See United States Ex Rel. Touhy v. Ragen, Warden, et al.*, 340 US 462 (1951); 6 CFR Subpart C. Section 5.48 of the regulations outlines factors that a DHS component must consider in determining whether to comply with a demand or request for agency records and information. *See* 6 CFR 5.48. Among any other pertinent considerations, the regulations direct DHS officials and attorneys to consider whether compliance is appropriate under the applicable rules of discovery or the applicable rules of procedure governing the case or matter in which the demand arose. *See* 6 CFR 5.48(a)(1). The regulations also require DHS officials and attorneys to consider whether compliance with such a demand for access is appropriate under the relevant substantive law concerning privilege or the disclosure of official information.  6 CFR 5.48(a)(2).

Inasmuch as your October 31, 2007, query was received in the form of an "informal request," the applicable rules of procedure governing this matter are found at 5 USC 552a, as amended, 5 USC 552, as amended, and 6 CFR Part 5, Subparts A and B, which you may recognize as the Privacy Act of 1974, Freedom of Information Act, and the agency's regulations implementing the same, respectively.

The record you have requested, to the extent that it exists, would be maintained in this agency's system of records known as "Alien File/Central Index System (A-file/CIS – DHS/CIS 001)." *See* 72 Fed. Reg. 1755 (Tuesday January 16, 2007).  This system of records is protected from indiscriminate

Page 2 – Touhy Request of Mr. David J. Luca

disclosures pursuant to the Privacy Act of 1974, 5 USC 552a. The Privacy Act strictly prohibits the disclosure of information assigned to this system of records to any person, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be, for example, required under the Freedom of Information Act (FOIA), 5 USC 552; for a "routine use" as defined and described by the Privacy Act under subsections 552a(a)(7) and -(e)(4)(D), respectively; or pursuant to the order of a court of competent jurisdiction, 5 USC 552a(b)(11). The release of the information you have requested is neither required by the FOIA, authorized by the system of records' published routine uses, nor ordered by a court of competent jurisdiction.

Under the FOIA, the subject records would be entitled to the protection of subsection (b)(6) of that Act, which exempts from disclosure *"personnel and medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy,"* and their release would not contribute to the public's understanding of how this agency performs its statutory duties.. *See* 5 USC 552b(6). The U.S. Supreme Court has firmly held that Congress intended the term "similar files" to be interpreted broadly, rather than narrowly. *See U.S. Department of State v. Washington Post Co.*, 456 U.S. 595, 599-603 (1982). The Court stated that the protection of an individual's privacy *"surely was not intended to turn upon the label of the file which contains the damaging information." Id.* at 601 (citing H.R. Rep. No. 89-1497, at 11 (1966)). The Court made clear that all information that *"applies to a particular individual"* meets the threshold requirement for FOIA exemption (b)(6) protection. *Id.* at 602. Consistent with the Court's interpretation of the phrase "similar files," a USCIS immigration file pertaining to a specifically identified individual meets the threshold of FOIA exemption (b)(6), to the extent that it exists, and is entitled to protection from indiscriminate disclosures pursuant thereto.

The disclosure you seek is not authorized under any provision of the Privacy Act. As an unrelated third party, you are not entitled to access the requested record in your own right, and the USCIS has not been presented with a valid written consent to such disclosure signed by the individual to whom the requested record ostensibly pertains. *See* 5 USC 552a(b). Moreover, the disclosure you seek is not authorized by the USCIS' published "routine uses" covering the Alien Files/Central Index System. *See* 72 Fed. Reg. at 1757.

As a result of the forgoing, the USCIS must deny your request for access to any immigration file pertaining to a specifically identified third party in the absence of legal authorization.

Sincerely,

Peter D. Gregory
Chief
Commercial and Administrative Law Division



DENNIS J. LUCA, ESQ.
FELICIA LUCA ORR, ESQ.
DAVID J. LUCA, ESQ.

A PROFESSIONAL LAW CORPORATION
TEL: (408) 287-7878
FAX: (408) 287-7879

# LAW OFFICES OF DENNIS J. LUCA

### ATTORNEYS AND COUNSELORS AT LAW
1252 PARK AVENUE
SAN JOSE, CA 95126

December 14, 2007

Office of Chief Counsel
**Attn: Elizabeth Gaffin**
Chief Privacy Officer
c/o Peter D. Gregory
20 Massachusetts Avenue N.W., Room 4210
Washington, DC 20529

Re:   Touhy Request for DHS/USCIS Records
      Immigration File No.: A97879961

Dear Ms. Gaffin:

Please allow this letter to notice an administrative appeal of the decision by your office to deny the above-referenced Touhy request pursuant to 72 Fed. Reg. at 1759 (Tuesday January 16, 2007). Copies of the initial demand by our office, in addition to the response by Peter D. Gregory, are enclosed for your review.

Specifically, I do believe that the decision by Mr. Gregory is in error given the constitutional rights afforded to my client by virtue of being a defendant in a pending state criminal proceeding. Although there is no doubt that the requested records are protected from disclosure because of privacy concerns pursuant to 5 U.S.C. 552a, specifically subsection (b)(6), the constitutional rights of my client indeed outweigh any privacy objection.

I look forward to hearing from you and thank you in advance for your time.

Very truly yours,

David J. Luca
Attorney at Law

cc:            Kelli Duehning
               Western Regional Counsel
               630 Sansome St., Suite 1080
               San Francisco, CA 94111

dennis@lucalaw.com            felicia@lucalaw.com            david@lucalaw.com

Office of the District Attorney
Attn: Maxmillian Zarzana
70 West Hedding Street
San Jose, CA 95110

Lucia Herrera Hawke
c/o Julie Saffren, Esq.
586 North First Street, Suite 215
San Jose, CA 95112

Melanie L. Proctor
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102





**U.S. Department of Homeland Security**
20 Massachusetts Avenue, N.W. Room 4210
Washington, DC 20529

**U.S. Citizenship and
Immigration Services**

RECEIVED
FEB 0 6 2008

January 30, 2008

David J. Luca
Attorney-at-Law
Law Offices of Dennis J. Luca
1252 Park Avenue
San Jose, California  95126

Re:  *Touhy* Request for DHS/USCIS Records

Dear Mr. Luca:

By letter dated December 14, 2007, addressed to Elizabeth Gaffin in her capacity as Chief Privacy Officer for the U.S. Citizenship and Immigration Services (USCIS), you appealed the USCIS's December 7, 2007, denial of your October 31, 2007, request for access to certain USCIS records. Your initial request was filed on behalf of a Mr. Mark Hawke.

While you cite the authority for your appeal as 72 *Fed. Reg.* at 1759 (Tuesday, January 16, 2007), [1] you should be aware that the U.S. Department of Homeland Security's (DHS) *Touhy* regulation does not create a right of administrative appeal stemming from an official refusal to comply with a subpoena, court order, or other demand for official information or action. At this stage, the only viable course of action remaining to you on this issue is to seek judicial review of the agency's December 7, 2007, decision in accordance with the Administrative Procedures Act, 5 U.S.C. §§ 101 *et seq.*

Sincerely,

Peter D. Gregory
Chief, Commercial and Administrative Law Division

---

[1] 72 *Fed. Reg.* 1759 is a notice of submission of proposed information collection to OMB and rent schedule for low rent housing.  This noticed was published at the behest of the Chief Information Officer of the U.S. Department of Housing and Urban Development.



1.      Any and all documents related to LUCIA HERRERA HAWKE's (aka LUCIA HERRERA MARQUEZ) petition for a "K1 visa" in the United States of America from January 1, 2004 to the date of production under case number A97879961.

2.      Any and all documents related to LUCIA HERRERA HAWKE's (aka LUCIA HERRERA MARQUEZ) application for "permanent residency" pursuant to section 245 of the Immigration and Nationality Act in the United States of America from January 1, 2004 to the date of production under case number A97879961.

3.      Any and all documents related to LUCIA HERRERA HAWKE's (aka LUCIA HERRERA MARQUEZ) allegations of domestic violence against MARK HAWKE lodged with the United States of America, or any governmental entity operating on its behalf, from January 1, 2004 to the date of production under case number A97879961.

4.      Any and all correspondence sent from the U.S. Department of Homeland Security, Immigration and Citizenship Services to LUCIA HERRERA HAWKE (aka LUCIA HERRERA MARQUEZ), or an authorized agent on her behalf, from January 1, 2004 to the date of production under case number A97879961.

5.      Any and all correspondence sent from LUCIA HERRERA HAWKE (aka LUCIA HERRERA MARQUEZ), or an authorized agent on her behalf, to U.S. Department of Homeland Security, Immigration and Citizenship Services from January 1, 2004 to the date of production under case number A97879961.

6.      Any and all documents related to LUCIA HERRERA HAWKE (aka LUCIA HERRERA MARQUEZ) in the Department's possession not heretofore addressed from January 1, 2004 to the date of production under case number A97879961, or any other, case number.