1 **LAW OFFICES OF DENNIS J. LUCA**
   **DENNIS J. LUCA, ESQ.     SBN 203847**
2 **DAVID J. LUCA, ESQ.      SBN 237973**
   1252 Park Avenue
3 San Jose, CA 95126
   Telephone (408) 287-7878
4 Facsimile  (408) 287-7879

5 ATTORNEYS FOR PETITIONER,
   Mark Hawke

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK HAWKE, | Case No.: C 07-03456 RMW |
| Petitioner, | |
| vs. | **FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION** |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES, a governmental entity, | |
| Respondent. | |

**INTRODUCTION/STATEMENT OF FACTS**

On September 29, 2006, the State of California, by and through the District Attorney's office, filed a misdemeanor complaint against MARK HAWKE (hereinafter "HAWKE") alleging that he violated Penal Code Section 242-243(e), simple battery upon a spouse/cohabitant. The alleged victim was LUCIA HERRERA HAWKE (hereinafter "LUCIA"), who was lawfully married to HAWKE at the time of the incident. On April 20, 2007, HAWKE, by and through his criminal defense attorneys, caused a subpoena duces tecum to be issued to the UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CITIZENSHIP SERVICES (hereinafter "UNITED STATES") for the

_____
*FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION*
*HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES*
*CASE NO.: C 07-03456 RMW*

production of certain immigration records for LUCIA.  Specifically, HAKWE requested that the UNITED STATES produce copies of documents relating to LUCIA's application for permanent residency under the Violence Against Women Act ("VAWA").

The UNITED STATES refused to produce those records pursuant to their policy that a State Court Order is not an "Order from a Court of competent jurisdiction" and that LUCIA's privacy rights pursuant to 5 U.S.C.552a precluded production of those records. Specific to this Petition, the UNITED STATES referenced that only a *federal* Court is a Court of competent jurisdiction; not a state trial Court.

HAWKE proceeded to submit an informal request for those records directly to the UNITED STATES pursuant to United States ex re. Touhy v. Ragen (1951) 340 U.S. 462.  The request was denied.  HAWKE then administratively appealed the denial of his request to the UNITED STATES' Chief Privacy Officer.  HAWKE's administrative appeal was denied and his administrative remedies were then exhausted.

This Petition was therefore filed to obtain an Order from this Court for the UNITED STATES to produce the records and documents critical to HAWKE's defense in the underlying criminal prosecution.

## AUTHORITY FOR JUDICIAL REVIEW

Judicial review of administrative decisions is governed by the Administrative Procedures Act, specific to this case, 5 U.S.C. 702 et seq.  Section 702 provides that a person suffering a legal wrong because of agency action is entitled to judicial review thereof.

## SCOPE OF REVIEW

The scope of review to be undertaken by this Court is set forth in 5 U.S.C. 706, which provides that

> "the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions and determine the meaning or applicability of the terms of an agency action.  The reviewing court shall- (1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be- (A) arbitrary, capricious, an abuse of discretion, or otherwise not in

---

*FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION*
*HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES*
*CASE NO.: C 07-03456 RMW*

accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court."

Subsection (2)(B), as it relates to constitutional rights, is applicable to HAWKE's claim for immigration records.

## LEGAL ARGUMENT

### I.

**THE COURT HAS THE POWER TO COMPEL THE PRODUCTION RECORDS HELD BY THE UNITED STATES, EVEN IF PROTECTED BY THE PRIVACY ACT, UPON A MERE SHOWING OF RELEVANCE.**

It is conceded that LUCIA's immigration records are private and protected from indiscriminate disclosure by the Privacy Act of 1974, specifically 5 U.S.C 552a. However, this Court retains the discretion to Order the release of the requested records upon proper showing. 5 U.S.C. 552a(b)(11) [records otherwise protected by the Privacy Act can be disclosed "pursuant to the Order of a Court of competent jurisdiction"]. The "standard" to be weighed by this Court in considering whether to Order the release of the immigration records is virtually nonexistent in the Ninth Circuit. In the singular case this author found addressing 5 U.S.C. 552a(b)(11), the District Court in <u>Wallman v. Tower Air, Inc.</u>, (1999) 189 F.R.D. 566, 569, noted that the "Court has looked for guidance to cases involving documents subject to the Privacy Act, such as Government personnel or military records, where similar privacy interests, often of non-parties to the litigation, are at stake." Unfortunately, in that case, the Court quoted no "standard of review." Instead, the Court opined:

> "in a case in which a party requested information covered by the Privacy Act, in ordering the information to be provided subject to a protective order, the appellate court most familiar with the Privacy Act, the D.C. Circuit, found: '[t]he Privacy Act, however, does not create a qualified discovery privilege as that concept is generally understood, and we find no basis in the statute or its legislative

_____
*FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION*
*HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES*
*CASE NO.: C 07-03456 RMW*

3

> history for inferring one.  Nor does the Act create any other kind of privilege or bar that requires a party to show actual need as a prerequisite to invoking discovery.  Rather, the plain language of the statute permits disclosure 'pursuant to the order of a court of competent jurisdiction.' 5 U.S.C. § 552a(b)(11).  Neither the statute nor anything in its legislative history specifies the standards for issuance of such a court order.  We therefore find no basis for inferring that the statute replaces the usual discovery standards of the FRCP--in particular, Rules 26 and 45(b)--with a different and higher standard.' <u>Wallman</u> at 569 [quoting <u>Laxalt v. McClatchy</u>, (1987) 809 F.2d 885, 888.

It is therefore HAWKE's position that this Court should weigh his request for records protected by the Privacy Act pursuant to the relaxed "relevance" standard outlined in Federal Rule of Civil Procedure 26(b), which provides generally that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

There is no doubt that the requested records are relevant to HAWKE's pending criminal trial.  HAWKE has been put on notice by the District Attorney's office that prior allegations and/or incidents of domestic violence will be introduced as evidence during the course of his criminal trial.  LUCIA's VAWA application surely contains sworn affidavits attesting to domestic violence that she alleged occurred during her marriage to HAWKE.  These sworn affidavits and other documents contained in LUCIA's VAWA application are highly relevant to either corroborate LUCIA's statements at trial, or impeach her testimony at trial if it is determined that her VAWA application differs from her testimony.

## II.

**VAWA DOES NOT REQUIRE HAWKE TO MEET A HIGHER BURDEN THAN MERE RELEVANCE.**

Through multiple revisions to the body of law that comprises VAWA, Congress has sought to maintain the confidentiality of VAWA applications.  Said protection is primarily found in 8 U.S.C. 1367(a)(2), which provides that no agency of the Federal Government can permit the use or disclosure to anyone of any information which relates to an alien who applies for relief under VAWA.  Specific to this case, subsection (a)(2) provides that this maintenance of

_____
*FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION*
*HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES*
*CASE NO.: C 07-03456 RMW*

4

1  confidentiality does apply to those individuals defined in 8 U.S.C. 1101(a)(51), commonly
2  labeled a "VAWA self-petitioner." The penalty for inappropriate disclosure is disciplinary
3  action and a fine of not more than $ 5,000 for each violation. 8 U.S.C. 1367(c).

4  However, there are numerous exceptions to the mandate against disclosure, two of which
5  are applicable here. First, in the last sentence under subsection (a)(2), it is referenced that the
6  prohibition against disclosure terminates when "the application for relief is denied and all
7  opportunities for appeal of the denial have been exhausted." Second, under the laundry list of
8  exceptions to the prohibition against disclosure, subsection (b)(3) provides that subsection (a)
9  "shall not be construed as preventing disclosure of information in connection with judicial
10 review of a determination in a manner that protects the confidentiality of such information."

11 It is undisputed here that LUCIA's application under VAWA was denied on December 1,
12 2006 by the UNITED STATES (*See* Exhibit "2" to Petition, filed herewith). The Administrative
13 Appeals Office requires that an appeal of denial of a VAWA application must be received within
14 33 days of the denial. As the notice denial is over a year old, the appeals process has run and the
15 records are no longer confidential and subject to 8 U.S.C. 1367(a)(2). Further, as HAWKE
16 requests that this Court conduct an in camera review of the documents contained in LUCIA's
17 immigration file, this process for disclosure is authorized by 8 U.S.C. 1367(b)(3).

18 Nothing in 8 U.S.C. 1367 provides a standard for this Court to weigh in determining
19 HAWKE's application for the production of LUCIA's immigration records. Therefore,
20 HAWKE requests that this Court utilize the relaxed relevancy standard as mentioned above.

### III.
### HAWKE HAS FEDERAL CONSTITUTIONAL RIGHTS AND A STATE STATUTORY RIGHT AS A CRIMINAL DEFENDANT TO DISCOVER THE IMMIGRATION RECORDS CONTAINING PRIOR ALLEGATIONS OF DOMESTIC VIOLENCE AGAINST HIM.

**A.  HAWKE has a Federal Sixth Amendment right to meaningfully cross examine the witnesses against him, which compels disclosure of the requested immigration records.**

27 The Sixth Amendment to the Federal Constitution provides that every criminal Defendant
28 shall have the opportunity to be "to be confronted with the witnesses against him." U.S.C.A.

---
*FIRST AMENDED* MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION
HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES
CASE NO.: C 07-03456 RMW

1  Const. Amend. VI.  The right of cross-examination secured by confrontation clause in the
2  Federal Constitution is applicable to the states by the due process clause of the Fourteenth
3  Amendment.  Roberts v. Russell, (1968) 392 U.S. 293.  The right to notice, confrontation and
4  compulsory process, taken together, guarantee that criminal charge may be answered in manner
5  now considered fundamental to fair administration of American justice, through calling and
6  interrogation of favorable witnesses, cross-examination of adverse witnesses, and orderly
7  introduction of evidence; in short, this amendment constitutionalizes right in an adversary
8  criminal trial to make defense as we know it.  Faretta v. California, (1975) 422 U.S. 806.

9       In Pennsylvania v. Ritchie, (1987) 480 U.S. 39, the defendant (George Ritchie) was
10 charged with sexually assaulting his 13-year-old daughter.  During trial preparation, Ritchie's
11 attorney subpoenaed the state agency which investigated the abuse charges, the Children and
12 Youth Services (CYS) agency, for investigative records.  Ritchie contended that he was entitled
13 to the information because the file might contain the names of favorable witnesses and other
14 exculpatory evidence, and that it would allow his attorney to more effectively cross-examine the
15 victim pursuant to the guarantee provided in the Sixth Amendment.  CYS refused to comply with
16 the subpoena, citing a Pennsylvania law which kept the investigatory records of the CYS
17 confidential, subject to some exemptions such as production pursuant to a Court Order.  Ritchie
18 was subsequently convicted.  On appeal to the Supreme Court, it was held that Ritchie was
19 entitled to have the CYS file reviewed by the trial Court to determine whether it contained
20 information that probably would have changed the outcome of his trial.

21      This case is similar to Ritchie.  HAWKE is a criminal defendant who is entitled through
22 the Sixth Amendment to present an adequate defense to the singular charge lodged against him.
23 HAWKE believes that LUCIA's immigration records, specifically the VAWA application,
24 contain allegations of prior domestic violence perpetrated by HAWKE.  HAWKE must have an
25 opportunity to review immigration records that reflect sworn statements evidencing prior
26 domestic violence to fully exercise his Sixth Amendment right to cross examine the witnesses
27 against him.  Denial of HAWKE's request to, at the very least, have a in camera review of
28 LUCIA's immigration records is contrary to his Sixth Amendment rights.

___

*FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION*
*HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES*
*CASE NO.: C 07-03456 RMW*

6

1  **B.    HAWKE has a Federal Fifth Amendment and Fourteenth Amendment right to Due Process of Law which requires the disclosure of LUCIA's immigration records.**

The Fifth Amendment to the United States Constitution provides that no person shall "be deprived of life, liberty, or property, without due process of law" U.S.C.A. Const. Amend. V. It is well settled that the Fifth Amendment's protections, including due process of law in criminal prosecutions, is applicable to State criminal prosecutions via the due process clause of the Fourteenth Amendment. Malloy v. Hogan, (1964) 378 U.S. 1, 6. Further, the Fourteenth Amendment has a similar protection, affording the protection of "due process of law."

A criminal defendant has a constitutional right to obtain evidence which bears upon the determination of either guilt or punishment and this standard of fairness requires that a criminal defendant be afforded a meaningful opportunity to present a complete defense. California v. Trombetta, (1984) 467 U.S. 479, 485. The question remains open as to the is the extent to which the Due Process Clause imposes on the government the additional responsibility of guaranteeing criminal defendants access to exculpatory evidence beyond those in the government's possession. Id. at 486.

However, in a strikingly similar case, U.S. v. Colima-Monge, (1997, OR District Court) 978 F. Supp. 941, a criminal defendant (Noe Colima-Monge) sought production of immigration records of his co-defendant for use in his motion to dismiss. It was conceded that the records were exempt from the Freedom of Information Act and protected from indiscriminate disclosure. Following Ritchie, supra, the Court held that to protect Colima-Monge's due process rights, it would conduct an in camera review of the immigration file. Further, if any documents were found to be relevant to Colima-Monge's motion to dismiss, the documents would be released to counsel.

HAWKE seeks the same result achieved in Colima-Monge. HAWKE has a due process right, at the least, for this Court to Order production of LUCIA's file to determine if the immigration documents are relevant to his defense. If said records are deemed to be relevant during the in camera hearing, HAWKE would be entitled to release of those records for use in his criminal trial.

---
*FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION*
*HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES*
*CASE NO.: C 07-03456 RMW*

1  **C. HAWKE has a California State statutory right to have an in camera review of LUCIA's immigration records that address prior allegations of domestic violence.**

California Penal Code Sections 1326 and 1327 set forth the procedure for either the prosecutor or the defendant to obtain discovery of records possessed by third parties via a subpoena duces tecum.  A subpoena duces tecum does not require the party subpoenaed to provide the defendant with a copy of the materials sought, but does require that person or entity to produce the information in Court for an in camera review, and release, if appropriate, to the parties. Pacific Lighting Leasing Co. v. Superior Court, (1976) 60 Cal.App.3d 552, 560.

A criminal defendant has a right to discovery by a subpoena duces tecum of third party records by showing "the requested information will facilitate the ascertainment of the facts and a fair trial." Pitchess v. Superior Court, (1974) 11 Cal.3d 531, 536.  In Pitchess, the California Supreme Court held that "[a]llowing an accused the right to discover is based on the fundamental proposition that he is entitled to a fair trial and an intelligent defense in light of all relevant and reasonably accessible information. [Citations.]" Id. at p. 535.

## CONCLUSION

For the reasons stated herein, HAWKE respectfully requests that this Court Order the UNITED STATES to release of all Immigration records for LUCIA to this Court for an in camera hearing and release, as appropriate, to the District Attorney and defense counsel for HAWKE.

Date: 2/21/08                                                   Respectfully Submitted,

                                                                LAW OFFICES OF DENNIS J. LUCA




                                                                _____/s/_____
                                                                David J. Luca, Esq.,
                                                                Attorney for Petitioner,
                                                                MARK HAWKE

---

*FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION*
*HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES*
*CASE NO.: C 07-03456 RMW*