JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-7169

JEFFREY S. BUCHOLTZ, Acting Assistant Attorney General
United States Department of Justice
Assistant Attorney General, Civil Division
VICTOR LAWRENCE (DCB 449052)
Senior Litigation Counsel
Office of Immigration Litigation
SHERI GLASER, (NYSB 4494829)
Trial Attorney

    P.O. Box 878, Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 616-1246
    FAX: (202) 233-0397

Attorneys for Respondent

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK HAWKE, | No. C 07-03456 RMW |
|     Petitioner, | |
| v. | GOVERNMENT'S RESPONSIVE PLEADING |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES, | Date: May 23, 2008<br>Time: 9:00 a.m.<br>Crtrm: 6 |
|     Respondent. | |

///

///

///

///

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.  BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.   PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      B.   STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.  ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.   THE CONFIDENTIALITY PROVISIONS IN THE VIOLENCE
            AGAINST WOMEN ACT BAR DISCLOSURE OF THE RECORDS
            PETITIONER SEEKS . . . . . . . 3

      B.   THE AGENCY DECISION WAS IN ACCORDANCE WITH
            THE LAW . . . . . . . . . . . . 5

      C.   PETITIONER HAS FAILED TO ESTABLISH THAT THE DENIAL
            VIOLATED HIS CONSTITUTIONAL RIGHTS . . . . . . . 7

            1.   Petitioner Cannot Prospectively Claim Constitutional Violations . . . . . . 7

            2.   Petitioner's Constitutional Rights Have Not Been Violated
               . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      D.   THE FEDERAL SUPREMACY CLAUSE TRUMPS PETITIONER'S
            STATE LAW CLAIMS . . . . . . 10

V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

Arrington v. Daniels,
    516 F.3d 1106 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

Brady v. Maryland,
    373 U.S. 83 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Califano v. Sanders,
    430 U.S. 99 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Citizens to Preserve Overton Park, Inc. v. Volpe,
    401 U.S. 404 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

City of Sausalito v. O'Neill,
    386 F.3d 1186 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Clinton v. Jones,
    520 U.S. 681 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Davis v. Alaska,
    415 U.S. 308 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Delaware v. Fensterer,
    474 U.S. 15 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Department of Air Force v. Rose,
    425 U.S. 352 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fund for Animals v. Norton,
    365 F. Supp. 2d 394, 406 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Independent Acceptance Co. v. California,
    204 F.3d 1247 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Major League Baseball v. Crist,
    331 F.3d 1177 (11th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Mak v. FBI,
    252 F.3d 1089 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 10

**FEDERAL CASES (continued)**

Marsh v. Oregon Natural Resources Council,
    490 U.S. 360 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Northwest Environmental Defense Center v. Bonneville Power Admin.,
    117 F.3d 1520 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Pennsylvania v. Ritchie,
    480 U.S. 39 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Phillips v. ICE,
    385 F. Supp. 2d 296 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Ranchers Cattleman Action Legal Fund United Stockgrowers of America
  v. U.S. Dep't of Agric.,
    499 F.3d 1108 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Robinson v. Attorney General of the United States,
    534 F. Supp. 2d 72 (D.D.C. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Thomas Jefferson University v. Shalala,
    512 U.S. 504 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States Dep't of State v. Ray,
    502 U.S. 164 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

United States ex rel. Touhy v. Ragen,
    350 U.S. 983 (1956) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

United States v. Avellino,
    136 F.3d 249, 255 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Bagley,
    473 U.S. 667 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Chavez-Vernaza,
    844 F.2d 1368 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Colima-Monge,
    978 F. Supp. 941 (D. Or. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Western Energy Co. v. U.S. Dep't of Interior,
    932 F.2d 807, 809 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## FEDERAL STATUTES

5 U.S.C. § 552(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5 U.S.C. § 522a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5 U.S.C. § 552a(a)(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

5 U.S.C. § 552a(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5 U.S.C. § 552a(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

5 U.S.C. § 701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5 U.S.C. § 706 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5 U.S.C. § 706(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

8 U.S.C. § 1101(a)(51) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8 U.S.C. § 1367(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

8 U.S.C. § 1367(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

8 U.S.C. § 1202(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Violence Against Women Act,
    108 Stat. 1902 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## FEDERAL RULES

Fed. R. Civ. P. 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Civ. P. 5.2(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## FEDERAL REGULATIONS

Privacy Act Notice,
    72 Fed. Reg. 1755 (Jan. 16, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## STATE STATUTES

Cal. Penal Code § 242-243(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## I.  INTRODUCTION

Petitioner Mark Hawke ("Petitioner"), a criminal defendant, asks the Court to review the Department of Homeland Security's ("DHS") denial of his request for production of documents, made pursuant to United States ex rel. Touhy v. Ragen, 350 U.S. 983 (1956).  He alleges that the denial of his Touhy request violated his Constitutional rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.  Petitioner also argues that he has a right under California statutes to in camera review of the documents he seeks.

Contrary to Petitioner's assertions, denial of Petitioner's Touhy request does not violate his rights under the United States Constitution.  Moreover, under the Federal Supremacy Clause, state statutes do not govern agencies of the Federal Government.  Accordingly, Petitioner's claims fail.

## II.  STATEMENT OF ISSUES

Whether Respondent's denial of Petitioner's Touhy request was a proper exercise of discretion in accordance with applicable law.

Whether the Federal Supremacy Clause trumps Petitioner's state-law claims.

## III.  BACKGROUND

A.  PROCEDURAL HISTORY

On July 2, 2007, Petitioner filed a Petition for the Disclosure of Certain Records ("First Petition"). Electronic Docket, 1, dated July 2, 2007.  On July 16, 2007, the Court issued an Order to Show Cause ("OSC"), requiring DHS to respond by August 3, 2007, and to appear for a hearing by August 16, 2007. Electronic Docket, 4, dated July 16, 2007.  Neither the First Petition nor the OSC were served on the Office of the United States Attorney.  Electronic Docket, 5, dated July 19, 2007. On August 10, 2007, Petitioner informed the Court that service was not yet perfected; accordingly, the Court continued the OSC hearing to September 7, 2007.  Electronic Docket, 8, dated Aug. 10, 2007. On September 19, 2007, the Court ordered Respondent to produce the records in question for in camera review.  Electronic Docket, 11, dated Sept. 19, 2007.

On September 27, 2007, undersigned counsel entered her appearance on this matter. Electronic Docket, 13, dated Sept. 27, 2007. On October 4, 2007, the parties stipulated to vacate the Court's September 19, 2007 Order, and to hold the case in abeyance pending Petitioner's proper

Touhy request. Electronic Docket, 14, dated Oct. 4, 2007. On October 11, 2007, the Court vacated its order, and held the action in abeyance. Electronic Docket, 15, dated Oct. 11, 2007.

On December 7, 2007, DHS denied Petitioner's Touhy request, stating that disclosure of the sought documents was not authorized under the Privacy Act. Electronic Docket, 16, dated February 21, 2008, Exh. 8. On January 30, 2008, DHS informed Petitioner that its Touhy regulation did not create a right of administrative appeal, and that its prior decision was final. Id., Exh. 10. On February 21, 2008, Petitioner filed the instant amended Petition and amended Memorandum of Points and Authorities ("First Amended Petition" and "Memorandum").[1] Electronic Docket, Nos. 16 and 17, dated Feb. 21, 2008.

### B. STANDARD OF REVIEW

The Administrative Procedure Act, 5 U.S.C. § 701, et seq. ("APA"), which governs review of Petitioner's claims, provides that "the reviewing court shall decide all constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706. As it pertains to the instant case, under the APA, the Court may set aside agency action if it is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "contrary to constitutional right, privilege, or immunity." 5 U.S.C. § 706(2)(A), (B).

The Ninth Circuit Court of Appeals recently explained that "[u]nder the arbitrary and capricious standard, [the] scope of review is narrow and deferential." Arrington v. Daniels, 516 F.3d 1106, 1112 (9th Cir. 2008). The agency decision may be overturned only if the agency "committed a clear error in judgment." Northwest Environmental Defense Center v. Bonneville Power Admin., 117 F.3d 1520, 1536 (9th Cir. 1997) (quoting Marsh v. Oregon Natural Resources Council, 490 U.S. 360, 378 (1989)).

The reviewing court must "'engage in a substantial inquiry' of the administrative record before the agency, but 'the ultimate standard of review is a narrow one,' and the reviewing court 'is

---

[1] Respondent submits that only the exhibits Petitioner attached to his First Amended Petition as Exhibits 5, 7, 8, 9, and 10 are properly before the Court. 5 U.S.C. § 706; Arrington, 516 F.3d at 1112 ("In conducting our review, we may look only to the administrative record to determine whether the agency has articulated a rational basis for its decision.")

GOVERNMENT'S RESPONSE
No. C 07-03456 RMW                2

1  not empowered to substitute its judgment for that of the agency.'" Fund for Animals v. Norton, 365
2  F. Supp. 2d 394, 406 (S.D.N.Y. 2005) (quoting Citizens to Preserve Overton Park, Inc. v. Volpe, 401
3  U.S. 404, 415-16 (1971), overruled on unrelated grounds, Califano v. Sanders, 430 U.S. 99, 105
4  (1977)).  The Court must affirm the agency decision if Respondent "considered the relevant factors
5  and articulated a rational connection between the facts found and the choices made." Ranchers
6  Cattleman Action Legal Fund United Stockgrowers of America v. U.S. Dep't of Agric., 499 F.3d
7  1108, 1115 (9th Cir. 2007) (quoting City of Sausalito v. O'Neill, 386 F.3d 1186, 1206 (9th Cir.
8  2006).  Under this standard, the agency action is presumptively valid, and must be affirmed if a
9  reasonable basis exists for its decision. Independent Acceptance Co. v. California, 204 F.3d 1247,
10 1251 (9th Cir. 2000).  The reviewing court "must give substantial deference to an agency's
11 interpretation of its own regulations." Thomas Jefferson University v. Shalala, 512 U.S. 504, 512
12 (1994).  In contrast, judicial review of a claim that the agency's actions violated a claimant's
13 constitutional rights is conducted de novo. Western Energy Co. v. U.S. Dep't of Interior, 932 F.2d
14 807, 809 (9th Cir. 1991).

## IV. ANALYSIS

A.  THE CONFIDENTIALITY PROVISIONS IN THE VIOLENCE AGAINST WOMEN ACT BAR DISCLOSURE OF THE RECORDS PETITIONER SEEKS

Petitioner erroneously argues that the privacy provision found in the Violence Against Women Act of 1994, 108 Stat. 1902 ("VAWA") no longer applies to the records he seeks.[2]  First Amended Petition ("Petition") at 4-5. The confidentiality provisions of the VAWA state as follows:

> . . . [I]n no case may the Attorney General, or any other official or employee of the Department of Justice, the Secretary of Homeland Security, the State Department, or any other official or employee of the Department of Homeland Security or the Department of State (including any bureau or agency of either of such Departments) –
>
> \*   \*   \*

---

[2] United States Citizenship and Immigration Services ("USCIS") can neither confirm nor deny Petitioner's allegation that Lucia Herrera Hawke ("Lucia") self-petitioned to adjust her status to that of lawful permanent resident pursuant to VAWA under 8 U.S.C. § 1101(a)(51). Defendants make the legal argument in this section in order to respond to Petitioner's argument on pp. 5-6 of his First Amended Memorandum in Support of Petition ("Memorandum").

GOVERNMENT'S RESPONSE
No. C 07-03456 RMW                                          3

      (2) permit use by or disclosure to anyone (other than a sworn officer or employee of the Department, or bureau or agency thereof, for legitimate Department, bureau, or agency purposes) of any information which relates to an alien who is the beneficiary of an application for relief [as an alien who has suffered substantial physical or mental abuse as a result of having been the victim of domestic violence].

8 U.S.C. § 1367(a)(2) (emphasis added).

      Petitioner claims that two "exceptions" to 8 U.S.C. § 1367(a)(2) are applicable to the case at bar. First, Petitioner argues that "the last sentence under subsection (a)(2) [where] it is referenced that the prohibition against disclosure terminates when 'the application for relief is denied and all opportunities for appeal of the denial have been exhausted'" is applicable here, and disclosure is permissible. Memorandum, p. 5.  As evidence of this, Petitioner cites a Decision on Application for Status as Permanent Resident ("Decision"), attached to his First Amended Petition as Exhibit 2. See Memorandum, p. 5; First Amended Petition, Exhibit 2.  He claims that this document denies Lucia's alleged application for lawful permanent resident status under VAWA, even though the letter does not reference any alleged application under VAWA. First Amended Petition, Exhibit 2. As such, Petitioner's argument that the confidentiality provision no longer applies is based on speculation, and any alleged records would remain confidential and barred from disclosure pursuant to 8 U.S.C. § 1367(a)(2).

      Second, Petitioner claims that the exception under 8 U.S.C. § 1367(b)(3) applies to the case at bar, allowing disclosure. Memorandum, p. 5. Petitioner is incorrect. The relevant section of the statute states, "[s]ubsection (a) of this section shall not be construed as preventing disclosure of information in connection with <u>judicial review of a determination</u> in a manner that protects the confidentiality of such information." 8 U.S.C. § 1367(b)(3) (emphasis added).

      As Petitioner argues, the reason he seeks these records is not "in connection with judicial review of a determination." Instead, Petitioner seeks these records for use in his underlying criminal action: a misdemeanor complaint filed by Lucia alleging Hawke violated Cal. Penal Code § 242-243(e), simple battery upon a spouse/cohabitant. Memorandum, pp. 1, 8, Petition, p. 4, ¶ 8. Therefore, the exception under 8 U.S.C. § 1367(b)(3) is inapplicable; and any alleged records are still confidential and barred from disclosure pursuant to 8 U.S.C. § 1367(a)(2).

///

GOVERNMENT'S RESPONSE
No. C 07-03456 RMW                    4

B.     THE AGENCY DECISION WAS IN ACCORDANCE WITH THE LAW

The appropriate standard of review here is not whether the sought documents are merely "relevant" to Petitioner's criminal defense, but rather, whether the agency action was in accordance with the law. Arrington, 516 F.3d at   Under this deferential standard, Petitioner's claims fail. Respondent denied Petitioner's Touhy request pursuant to the requirements of the Privacy Act, 5 U.S.C. § 522a. The Privacy Act clearly prohibits the disclosure of the records Petitioner seeks:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be
> . . .
> (2) required under section 522 of this title;
>
> (3) for routine use as defined in subsection (a)(7) of this section and described under subsection (e)(4)(D) of this section;
> . . .
> (11) pursuant to the order of a court of competent jurisdiction

5 U.S.C. § 552a(b).

Section 552, United States Code, title 5, is commonly known as the Freedom of Information Act ("FOIA"). FOIA specifically exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Immigration records pertaining to third parties clearly fall within this category. See, e.g., United States Dep't of State v. Ray, 502 U.S. 164, 173 (1991) (recognizing that immigration records are "similar files" within the meaning of the exemption). As explained by the Court, "the exemption requires the [reviewing court] to balance 'the individual's right of privacy' against the basic policy of opening 'agency action to the light of public scrutiny.'" Id. at 175 (quoting Department of Air Force v. Rose, 425 U.S. 352, 371 (1976)). Here, the privacy interest at stake is substantial. See, e.g. 8 U.S.C. §§ 1202(f) (stating that "[t]he records of the Department of State and of diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas or permits to enter the United States shall be considered confidential . . ." with certain exceptions), 1367(a)(2) (discussed supra, at pp. 4-5); Phillips v. ICE, 385 F. Supp. 2d 296, 305 (S.D.N.Y. 2005) (recognizing privacy interest in immigration records); Fed. R. Civ. P. 5.2(c) (stating that in immigration cases filed in district court, only parties and their attorneys shall have electronic

1  access to any part of a case file).  In addition, Courts have held that "an agency pledge of
2  confidentiality 'increases the privacy interests at stake.'" United States Dep't of State v. Ray, 502
3  U.S. 164, 177 (1991).  Moreover, "courts have consistently refused to recognize any public interest
4  in disclosure of information to assist a convict in challenging his conviction." Robinson v. Attorney
5  General of the United States, 534 F. Supp. 2d 72 , 83 (D.D.C. 2008) (citation omitted).  Petitioner's
6  claimed interest is personal, and it cannot outweigh the interest of the individual.  Id.

7        The Privacy Act defines "routine use" as "the use of such record of a purpose which is
8  compatible with the purpose for which it was collected."  5 U.S.C. § 552a(a)(7).  Here, Petitioner
9  proposes to use the records he seeks in aid of his criminal defense.  First Amended Petition, p. 4.
10 There is no doubt that this use is not routine.  In addition, his request is not covered by the "routine
11 uses" set forth in the Federal Register.  First Amended Petition, Exh. 8; see Privacy Act Notice, 72
12 Fed. Reg. 1755, 1757-58 (Jan. 16, 2007) (setting forth limited parameters for disclosure, none of
13 which include release of the requested information for a criminal defense). The exception to the
14 Privacy Act found at 5 U.S.C. § 552a(b)(3) does not apply here.

15       Petitioner argues that the a showing of mere relevance can override the provisions found in
16 the Privacy Act.  He suggests that under the Federal Rules of Civil Procedure ("FRCP"), he is
17 entitled to discovery regarding any matter that is relevant to his defense.  First Amended Petition,
18 p. 4.  Petitioner's assertion is without merit.  The FRCP "govern the procedure in the United States
19 district courts in all suits of a civil nature whether cognizable as cases at law or in equity. . . ." Fed.
20 R. Civ. P. 1.  In United States v. Colima-Monge, 978 F. Supp. 941 (D. Or. 1997), the district court
21 specifically noted that in "a criminal case[,] the Federal Rules of Civil Procedure do not apply." Id.
22 at 942.  Bringing the instant action does not render his criminal trial and defense subject to the
23 Federal Rules of Civil Procedure.

24 ///
25 ///
26 ///
27 ///
28 ///

GOVERNMENT'S RESPONSE
No. C 07-03456 RMW                    6

C. PETITIONER HAS FAILED TO ESTABLISH THAT THE DENIAL VIOLATED HIS CONSTITUTIONAL RIGHTS

1. Petitioner Cannot Prospectively Claim Constitutional Violations

Petitioner alleges that the denial of his Touhy request violated his rights under the Fifth, Sixth, and Fourteenth Amendments. However, as explained by the Ninth Circuit Court of Appeals, "a constitutional violation occurs only when 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Mak v. FBI, 252 F.3d 1089, 1094 (9th Cir. 2001) (emphasis added) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)). There, the criminal defendant had been tried, convicted, and sentenced to death for aggravated first degree murder. Mak, 252 F.3d at 1090. He filed a petition for habeas corpus in federal court, and the district court granted the petition with respect to his death sentence, a decision the Ninth Circuit affirmed. Id. The State of Washington again initiated proceedings to sentence the criminal defendant to death. Id. at 1091. He then requested from the Federal Bureau of Investigation ("FBI") all information concerning his case. Id. The FBI made some disclosures, but did not disclose the identities of two confidential informants. Id. The Department of Justice ultimately declined to disclose the identities. Id.

The criminal defendant challenged the decision in district court, pursuant to the APA, arguing that the refusal violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights.[3] Id. Notably, the appellate court declined to determine wether the rule set forth in Brady v. Maryland, 373 U.S. 83 (1963) "imposes a duty on the federal government to provide information to a state court defendant" because at such an early stage in the proceedings, the petitioner could not demonstrate that a due process violation had occurred. Mak, 252 F.3d at 1093-94. The appellate court further explained that a proper Brady analysis "requires a showing that, because the evidence was withheld, 'prejudice . . . ensued.'" Id. at 1094. The Ninth Circuit held that " . . . it is not possible to determine whether withholding the information in question will create a Brady violation, because it is not clear how important the information will be." Id. at 1094. Accordingly, the

---

[3] Mak also challenged the agency's Touhy regulations. Id. at 1091. Petitioner does not do so in the instant case.

GOVERNMENT'S RESPONSE
No. C 07-03456 RMW                                7

1 appellate court concluded that the petitioner's Fifth Amendment argument was premature. Id. Here, as in Mak, Petitioner cannot show that his constitutional rights have been violated because he has not yet been tried; accordingly, he cannot show that he has been prejudiced. First Amended Petition, p. 2.

### 2. Petitioner's Constitutional Rights Have Not Been Violated

Even assuming Petitioner can prospectively claim constitutional violations, Petitioner's claims of potential constitutional violations fail. Petitioner claims that in order to fully cross-examine his accuser, he must be allowed to examine her immigration records. First Amended Petition, p. 6. The cases upon which Petitioner relies do not support his argument.

Petitioner cites Pennsylvania v. Ritchie, 480 U.S. 39 (1987) for the proposition that he has a right to the records he seeks. However, Petitioner selectively reads Ritchie. There, a criminal defendant stood accused of rape, involuntary deviate sexual intercourse, incest, and corruption of a minor. Ritchie, 480 U.S. at 43. The victim, the defendant's daughter, reported the alleged incidents to the police, who referred the matter to Pennsylvania's Children and Youth Services ("CYS"). Id. The defendant sought access to the CYS records, and CYS refused to comply with the subpoena. Id.

After being convicted at trial, the defendant appealed, arguing that the failure to disclose the records violated the Confrontation Clause of the Sixth Amendment, as applied to the States by the Due Process Clause of the Fourteenth Amendment. Id. at 45. The state appellate court agreed, but placed certain limitations upon the disclosure. Id. The Pennsylvania Supreme Court held that the defendant and his attorney were entitled to review the entire file. Id. at 46. The United States Supreme Court granted the commonwealth's subsequent petition for certiorari to determine "whether and to what extent a State's interest in the confidentiality of its investigative files concerning child abuse must yield to a criminal defendants Sixth and Fourteenth Amendment right to discover favorable evidence." Id. at 42-43.

The petitioner argued that "by denying him access to the information necessary to prepare his defense, the trial court interfered with his right of cross-examination." Id. at 51. The Pennsylvania Supreme Court had agreed with his argument, holding that Davis v. Alaska, 415 U.S.

1  308 (1947), required such access. Ritchie, 480 U.S. at 52. The United States Supreme Court

2  rejected the state supreme court's holding, stating that

> [i]f we were to accept this broad interpretation of Davis, the effect would be to transform the Confrontation Clause into a constitutionally compelled rule of pretrial discovery. Nothing in the case law supports such a view. The opinions of this Court show that the right to confrontation is trial right, designed to prevent improper restrictions on the types improper restrictions on the types of questions that defense counsel may ask during cross-examination.

Id. The Court further explained that the right to question adverse witnesses "does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony." Id. at 53. Rather, "the Confrontation Clause only guarantees 'an opportunity for effective cross-examination, not cross examination that is effective in whatever way, and to whatever extent, the defense might wish.'" Id. (quoting Delaware v. Fensterer, 474 U.S. 15, 20 (1985)). Accordingly, the Court held that the Confrontation Clause would have been violated only had the trial judge prevented the defendant from cross-examining his accuser. Ritchie, 480 U.S. at 54. Because he was allowed to do so, there was no violation of the Confrontation Clause. Id.

Ultimately, the Supreme Court in Ritchie determined that because "the government has the obligation to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment," the trial court should have reviewed the CYS file to determine whether it contained such information. Id. at 57-58 (citing Brady, 373 U.S. at 87). However, that holding does not apply to the case at hand.

Here, Petitioner seeks documents that are in the possession of the Federal Government, which is not involved in his criminal prosecution. First Amended Petition, p. 3. Accordingly, this evidence is not in the possession of the state prosecutors, and Brady does not apply here. The Ninth Circuit has rejected the argument that the Federal Government has a duty to obtain relevant items from state authorities and turn them over to the federal criminal defendant; the converse should be true in the instant case. United States v. Chavez-Vernaza, 844 F.2d 1368, 1375 (9th Cir. 1987) ("[t]he triggering requirement of a discovery request . . . is that the papers, documents or tangible objects requested by in the actual custody or control of the federal government. . . . [T]he federal

1  government had no duty to obtain from state officials documents of which it was aware by over
2  which it had no actual control."); see, e.g., United States v. Avellino, 136 F.3d 249, 255 (2d Cir.
3  1998) ("[T]the imposition of an unlimited duty on a prosecutor to inquire of other offices not
4  working with the prosecutor's office on the case in question would inappropriately require us to
5  adopt a monolithic view of government that would condemn the prosecution of criminal cases to a
6  state of paralysis." (internal quotation marks omitted) (citation omitted)).

Moreover, here, the records Petitioner seeks are not investigative files of the charges against him. Cf. Mak, 252 F.3d at 1090 (state court defendant sought access to information from the FBI that was obtained in the course of that agency's investigation of his crimes). Rather, he seeks records which he suspects might contain information tangential to his defense. These alleged records were not obtained by any government body investigating his alleged crime; accordingly, Petitioner does not have a right to this disclosure. See, e.g., Mak, 252 F.3d at 1094 ("The mere fact that the FBI collaborated with the Seattle Police Department does not make the FBI a state actor subject to the constraints of the Fourteenth Amendment.").

D.  THE FEDERAL SUPREMACY CLAUSE TRUMPS PETITIONER'S STATE LAW CLAIMS

Petitioner asserts that under California law, he has a right to obtain discovery of the records he seeks. First Amended Petition, p. 8. Contrary to his assertions, state law does not trump the federal laws controlling disclosure. U.S. Constitution, art. VI, cl. 2; Clinton v. Jones, 520 U.S. 681, 691 n.13 (1997); see also Major League Baseball v. Crist, 331 F.3d 1177, 1185 (11th Cir. 2003) (holding that plaintiffs were immune from state antitrust laws by virtue of the Supremacy Clause).

///
///
///
///
///
///
///

## V. CONCLUSION

For the foregoing reasons, Respondent respectfully requests the Court to find that Respondent's decision was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "contrary to constitutional right, privilege, or immunity," and deny Petitioner's request for the documents.

Dated: April 18, 2008                                                    Respectfully submitted,

JEFFREY S. BUCHOLTZ

United States Department of Justice
Acting Assistant Attorney General, Civil Division

JOSEPH P. RUSSONIELLO
United States Attorney

VICTOR LAWRENCE
Senior Litigation Counsel
Office of Immigration Litigation

JOANN M. SWANSON
Assistant United States Attorney
Chief, Civil Division

SHERI GLASER
Trial Attorney

         /s/
MELANIE L. PROCTOR
Assistant United States Attorney
Attorneys for Respondent