1  **LAW OFFICES OF DENNIS J. LUCA**
   **DENNIS J. LUCA, ESQ.      SBN 203847**
2  **DAVID J. LUCA, ESQ.       SBN 237973**
   1252 Park Avenue
3  San Jose, CA 95126
   Telephone (408) 287-7878
4  Facsimile  (408) 287-7879

5  ATTORNEYS FOR PETITIONER,
   Mark Hawke

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  MARK HAWKE,                    )  Case No.:  C 07-03456 RMW
                                   )
13          Petitioner,            )
                                   )
14  vs.                            )  **PETITIONER'S REPLY BRIEF**
                                   )
15                                 )  **[Local Rule 7-3(c), 7-4]**
                                   )
16  UNITED STATES DEPARTMENT OF    )  **DATE:**      5/23/08
    HOMELAND SECURITY, CITIZENSHIP )  **TIME:**      9:00 A.M.
17  AND IMMIGRATION SERVICES, a    )  **DEPT.:**     6
    governmental entity,           )
18                                 )
            Respondent.            )
19  _____    )

20          Petitioner submits this reply brief to address and clarify the following issues as raised in

21  Respondent's responsive pleading:

22                                 **I.**

23       **PETITIONER DOES NOT CLAIM THAT THE DENIAL OF ACCESS TO THE**
     **REQUESTED RECORDS IS ARBITRARY, CAPRICIOUS AND/OR AN ABUSE OF**
24   **DISCRETION, AND THEREFORE, IN THIS DE NOVO REVIEW, NO DEFERENCE**
     **SHOULD BE GIVEN TO THE AGENCY'S DETERMINATION BY THIS COURT.**
25

26          In Respondent's brief, approximately two pages are dedicated to an analysis of whether

27  the agency's decision was an abuse of discretion, arbitrary, capricious or otherwise not in

28  accordance with the law. See Respondent's brief, pages 2-3.  Petitioner did not, and will not,

*PETITIONER'S REPLY BRIEF*
*HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES*
*CASE NO.: C 07-03456 RMW*

1

1  allege that Respondent's decision regarding his <u>Touhy</u> request was arbitrary, capricious and/or

2  an abuse of discretion as set forth in the Administrative Procedure Act, 5 U.S.C. 706(2)(A).  It is

3  clear from the <u>Touhy</u> regulations adopted by Respondent that there is no discretion to be

4  exercised in weighting a request for immigration records protected by the privacy act as set forth

5  in 5 U.S.C. 552a.  Indeed, Respondent, under only one circumstance, could have legally

6  disclosed the requested records: if LUCIA agreed to the release of her INS records.  This did not

7  happen.  Respondent, by virtue of its own regulations, could not release the requested INS

8  records, no matter what justification was offered by Petitioner, constitutionally based, or

9  otherwise.

10       Accordingly, it appears to be conceded that Petitioner's request for relief addressed to

11  this Court should be reviewed <u>de novo</u>.[1]  <u>Western Energy v U.S. Dep't of Interior</u>, (9th Cir.

12  1991) 932 F.2d 807, 809.  A <u>de novo</u> review contemplates that the Court will exercise its own

13  independent judgment and not give any deference whatsoever to Respondent's denial of

14  Petitioner's <u>Touhy</u> request.  This is appropriate here simply because Respondent could not weigh

15  Petitioner's constitutional claims in its resolution of the <u>Touhy</u> request.

16                                    **II.**

17  **EXHIBIT 2 ATTACHED TO THE PETITION FILED IN THIS CASE PROVES THAT**
18  **LUCIA DID APPLY FOR AN ADJUSTMENT OF STATUS UNDER VAWA, THAT HER**
     **CLAIM WAS DENIED AND THEREFORE THE RECORDS ARE NO LONGER**
19  **CONFIDENTIAL PURSUANT TO 8 U.S.C. 1367(A)(2).**

20       Respondent's brief makes the fantastic assertion that Exhibit 2 to the amended Petition

21  "does not reference any alleged application under VAWA" and therefore the exception to

22  disclosure found in 8 U.S.C. 1367(a)(2) does not apply.  <u>See</u> Respondent's brief, p. 4, line 13 and

23  Exhibit 2 of the Amended Petition.  Quite to the contrary, the letter attached as Exhibit 2

24  references an "application" for the adjustment of status filed by LUCIA pursuant to Section 245

25  of the Immigration and Nationality Act, as amended.

26  _____

27       [1] Respondent argues the Court should only consider certain Exhibits attached to Petitioner's Amended
     Petition. <u>See</u> Respondent's Brief, page 2, fn. 1.  However, a <u>de novo</u> review contemplates that the Court will review
28  all materials to exercise its own independent Judgment, not only those involved in the underlying administrative
     decision.

*PETITIONER'S REPLY BRIEF*
*HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES*
*CASE NO.: C 07-03456 RMW*

2

1       Section 245 of the Immigration and Nationality Act is codified in 8 U.S.C. 1255, the full

2  text of which reads as follows:

> Status as person admitted for permanent residence on application
> and eligibility for immigrant visa. The status of an alien who was
> inspected and admitted or paroled into the United States or the
> status of any other alien having an approved petition for
> classification as a <u>VAWA self-petitioner</u> may be adjusted by the
> Attorney General, in his discretion and under such regulations as
> he may prescribe, to that of an alien lawfully admitted for
> permanent residence if (1) the alien makes an application for such
> adjustment, (2) the alien is eligible to receive an immigrant visa
> and is admissible to the United States for permanent residence, and
> (3) an immigrant visa is immediately available to him at the time
> his application is filed. 8 U.S.C. 1255(a) (emphasis added)

11       LUCIA applied for an adjustment of status under the provisions of VAWA.  Her

12  application was denied because she had already been granted the status of a lawful permanent

13  resident via her joint application with Petitioner during their marriage.  This conclusion is further

14  solidified by LUCIA's sworn testimony, as reflected in Exhibit 4 to the Petition.  In that

15  transcript, LUCIA testified that she "had a case for domestic violence before immigration." <u>See</u>

16  Exhibit 4 to Petition, page 70 of transcript, lines 5-6.  LUCIA further testified that the "case for

17  domestic violence" was submitted to INS in March or April of 2006, which is the exact

18  timeframe identified in Exhibit 2 to the Amended Petition. <u>See</u> Exhibit 4 to Petition, page 73 of

19  transcript, lines 19-25.

20       Based on the overwhelming evidence to support Petitioner's assertion that LUCIA

21  applied for, and was summarily denied, a change in status under VAWA, the exception to

22  disclosure of those records as set forth in 8 U.S.C. 1367(a)(2) applies.

**III.**

**THE STANDARD FOR FREEDOM OF INFORMATION ACT REQUESTS DOES NOT APPLY TO THIS CASE, AND THE RELEVANCY STANDARD SHOULD PREVAIL IN WEIGHING PETITIONER'S REQUEST FOR IMMIGRATION RECORDS.**

26       Respondent's brief asserts that the judicial system has consistently refused to permit

27  disclosure of "information to assist a convict in challenging his conviction." <u>See</u> Respondent's

28  brief, page 6, lines 3-5.  However, Respondent fails to mention that the case law cited for this

*PETITIONER'S REPLY BRIEF*
*HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES*
*CASE NO.: C 07-03456 RMW*

3

1  proposition addressed Freedom of Information Act (hereinafter "FOIA") requests for law

2  enforcement records, and the exemption to disclosure found in 5 U.S.C. 552(b)(7)(C).  In brief, 5

3  U.S.C. 552(b)(7)(C) precludes disclosure under FOIA of law enforcement records when

4  disclosure would constitute an unwarranted invasion of personal privacy for those to whom the

5  records relate. See Robinson v. Attorney General of U.S., (D.D.C. 2008) 534 F.Supp.2d 72

6  [interpreting 5 U.S.C. 552(b)(7)(C), privacy interests of third-parties who might have been

7  mentioned in law enforcement records were not extinguished under FOIA by requesting person's

8  knowledge of their identities or testimony at trial for use in post-conviction proceedings]; Taylor

9  v. U.S. Dept. of Justice, (D.D.C. 2003) 257 F. Supp. 2d 101 [interpreting 5 U.S.C. 552(b)(7)(C),

10  federal prisoner's request for Federal Bureau of Investigation records regarding his

11  arrest/prosecution properly denied in part based on privacy concerns].

12          This case has absolutely nothing to do with law enforcement records and/or a FOIA

13  request, and as such, the above-mentioned cases do little to aid the Court in reaching an

14  appropriate disposition.

15          This case does, however, relate to a request to produce a portion, or all, of an INS "A-

16  file" to enforce Petitioner's Due process rights contained in the Fifth and Fourteenth

17  Amendments.  The controlling case should be U.S. v. Colima-Monge (D.Or. 1997) 978 F. Supp.

18  941.  The factual circumstances present in Colima-Monge mirror this case perfectly, and the

19  holding should be adopted by this Court.  In Colima-Monge, the Court weighed a criminal

20  defendant's pre-trial request for INS records, just as here.  In so doing, the Court stated that

21  Colima-Monge's Due Process rights mandated that the Court Order production of the entire INS

22  "A-file" and "[i]f the information is **relevant** to either the charges against Colima-Monge, or to

23  his motion to dismiss, the court will order disclosure of those documents" (emphasis added).

24                                          **IV.**

25  **THE CONFRONTATION CLAUSE IS NOT LIMITED TO PROVIDING EACH
    DEFENDANT A MERE A TRIAL RIGHT TO CROSS-EXAMINATION.**

26

27          Respondent's brief argues that the Confrontation Clause embodied in the Sixth

28  Amendment does not, and should not, be expanded beyond what is loosely labeled a "trial right,"

PETITIONER'S REPLY BRIEF
HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES
CASE NO.: C 07-03456 RMW

4

1   i.e., as long as a criminal Defendant is allowed at trial to cross-examine prosecution witnesses,

2   the constitutional right is satisfied.  Respondent cites the U.S. Supreme Court decision in Ritchie

3   and prior case law to support that proposition.

4         However, it must be noted that Ritchie included a concurring opinion by Justice

5   Blackmun.  Although it is conceded that the concurring opinion is not binding on this Court, the

6   analysis by Justice Blackmun is nonetheless useful.  See concurring opinion, Ritchie, 480 U.S. at

7   61.

8         Justice Blackmun expressed his disagreement with the lead opinion on whether the

9   Confrontation Clause is strictly a "trial right."  Justice Blackmun instead opined that the

10  Confrontation Clause may be relevant to limitations placed on a Defendant's pretrial discovery.

11  Id. at 61.  Justice Blackmun reasoned that there may well be a confrontation violation if a

12  Defendant is denied pretrial access to information that would make possible effective cross-

13  examination of a crucial prosecution witness. Id. at 62.  Ultimately, as applied to Ritchie, Justice

14  Blackmun found that the government could not, without violating the Confrontation Clause,

15  hinder the Defendant's right to effective cross-examination on the basis of a desire to protect the

16  confidentiality interests of a particular class of individuals. Id. at 65.

17        Such is the case here.  LUCIA is a crucial prosecution witness and has previously applied

18  through INS as a VAWA self-petitioner for adjustment of legal status.  Petitioner seeks those

19  records that contain prior statements, allegations and descriptions of domestic violence for use

20  during cross-examination.

21                                              **V.**

22  **PETITIONER NEED NOT SHOW PREJUDICE OR THE PROBABILITY OF A**
    **DIFFERENT RESULT IN HIS UNDERLYING CRIMINAL PROCEEDING TO OBTAIN**
23                          **THE INS RECORDS.**

24        Respondent makes the argument that Petitioner cannot prospectively claim constitutional

25  violations for the denial of the requested INS records, and a showing that prejudice would ensue

26  or a different result would occur if the request is denied is required. See Respondent's brief, page

27  7, lines 6-7 and 23-24.  However, for reasons similar to those stated above, that argument must

28  fail.

PETITIONER'S REPLY BRIEF
HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES
CASE NO.: C 07-03456 RMW

5

1  The cases that Respondent cites in support of the proposition that Petitioner must show

2  prejudice or that the result of the proceeding would have been different if the records were

3  disclosed are all <u>post-conviction</u> proceedings.  In essence, Respondent argues that Petitioner

4  should forego his request for highly relevant INS records (or have it denied by the Court),

5  proceed to trial in his criminal case, and if convicted, *then* challenge the denial of the request for

6  disclosure of the INS records in a habeas petition, appeal, motion for a new trial or otherwise.

7  Notions of judicial economy dictate otherwise.

8

9

10  Date: 5/09/08                                        Respectfully Submitted,

11                                                       LAW OFFICES OF DENNIS J. LUCA

12

13

14                                                       _____/s/_____

15                                                       David J. Luca, Esq.,
                                                         Attorney for Petitioner,
16                                                       MARK HAWKE

17

18

19

20

21

22

23

24

25

26

27

28

---

*PETITIONER'S REPLY BRIEF*
*HAWKE V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES*
*CASE NO.: C 07-03456 RMW*